ALANSON CAPEHART v. THE SEABOARD & ROANOKE RAIL-
ROAD COMPANY.

*Common  Carrier--Contract--Bill  of  Lading--Action  for  Damages.*

1. A stipulation in a bill of lading given by a common carrier, that all
   claims for damages shall be made by the consignee at the delivery sta-
   tion *before* the article is taken away, is reasonable; *Therefore*, in an
   action against a railroad company for damages to certain cotton, when
   the plaintiff had not complied with such stipulation contained in his bill
   of lading; *Held*, that he was not entitled to recover.

2. Such a provision in a bill of lading will not protect a common carrier
   from liability for latent injuries.

CIVIL ACTION tried at Spring Term, 1877, of NORTHAMP-
TON Superior Court, before *Buxton, J.*

The plaintiff alleged negligence on the part of defendant
corporation, a common carrier, in transporting sixty-five
bales of cotton from a certain landing on Roanoke River to
Norfolk, and that by reason of such negligence the plaintiff
was damaged. The negligence was denied by the defend-
ant, and thereupon issues were submitted to the jury. In
the bill of lading is the following ;  "And it is further stip-
ulated, that in case any claim arise from any damage or loss
of articles mentioned in this receipt, while *in transitu* or be-
fore delivery, the extent of such damage or loss shall be
adjusted in the presence of an officer of the line, before the
same be removed from the station, and such claim must be
sent, within thirty days after the damage or loss occurred,
to James McCarrick, Trace Agent, Portsmouth, Va., who
has authority to settle such claims." The counsel for de-
fendant asked the Court to charge the jury that the plaintiff
was not entitled to recover, because he had not proceeded
according to the above stipulation in the bill of lading.
This prayer was refused, and under the instructions of His

Honor the jury rendered a verdict for plaintiff.    Judgment. Appeal by defendant.

*Messrs. R. B. Peebles* and *W. W. Peebles*, for plaintiff.
*Messrs. W. N. H. Smith* and *D. A. Barnes*, for defendant.

READE, J.    The duties of common carriers are well defined, and public policy requires that they shall be performed at all hazards, except the act of God or the public enemy. Ordinary cases avail nothing, and ordinary liabilities cannot be provided against, even by special contract.    But still it is allowable for them to make reasonable regulations to protect themselves from imposition, and to make the service more convenient for themselves and for the public.

We think that it is a reasonable regulation that a claim for damages should be made by the consignee at the delivery station *before* the article is taken away.    This is not only reasonable in itself, but under the system of continuous, connecting and co-operating lines of railroads and steamboats, it is almost indispensable, in order that liability may be fixed upon the proper person, by immediately tracing back the article and locating the injury.    This is the advantage to the carrier service itself, added to the further advantage that it prevents false claims for injuries after the articles are delivered.    The advantage to the public is that it enables and encourages carriers to act as forwarding agents for shippers, thereby dispensing with the necessity for the shippers to have receiving and forwarding agents at the end of every line.    This is a great convenience and saving of expenses to shippers, which the carriers would not perform if they were not permitted to protect themselves by requiring claims for damages to be made before they part with the article.

To this it is objected, that goods are often sent from the delivery station to the consignee without his having an op-

portunity to examine them. The answer is, that if the carrier delivers the goods to an unauthorized person, that is his fault, and the provision would not apply. If the consignee send an agent, as a hackman, he could give instructions not to receive, except in good order. Of course the provision would not protect the carrier against liability for latent injuries.

The extent to which our decision goes is that the stipulation for claim of damages *before* delivery is reasonable, and that the defendant was entitled to the instructions prayed for.

There is error.

