# Staunton.

THE LIQUID CARBONIC CO. v. NORFOLK & WESTERN RAILWAY
COMPANY.

September 12, 1907.

1. CARRIERS—*Bills of Lading—Notice of Loss or Damage—Contracts
Against Negligence.*—A condition in a bill of lading that claims for
loss or damage, shall be made in writing to the carrier's agent at
the point of delivery promptly after the arrival of the property, and
if delayed more than thirty days after the delivery of the property,
or after due time for the delivery thereof, there shall be no liability
upon the carrier, is a reasonable provision and will be upheld. Such
a provision contravenes no public policy and excuses no negligence,
but is a reasonable regulation for the protection of the carrier
from fraudulent imposition in the adjustment and payment of
claims for goods alleged to have been lost or damaged.

Error to a judgment of the Circuit Court of Wise county in
an action of assumpsit. Judgment for the defendant. Plain-
tiff assigns error.

*Affirmed.*

The opinion states the case.

*Vicars & Peery,* for the plaintiff in error.

*Ayers & Fulton, Theodore W. Reath* and *C. T. Duncan,* for
the defendant in error.

KEITH, P., delivered the opinion of the court.

This was an action brought in the Circuit Court of Wise
county by The Liquid Carbonic Company, a corporation, to re-

cover from the Norfolk & Western Railway Company for damage to certain goods which the defendant railway company, as a common carrier, undertook to transport from Pittsburg, Pa., and to deliver to the plaintiff at Coeburn, one of its stations in Wise county, Virginia.

The bill of lading contained, among other provisions, the following condition: "Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

Claim was not made in accordance with this stipulation, nor do we find in the record any evidence of waiver, or other cause why the defendant should not have relied upon it. The question, fairly presented then, is: Does it present a defense to this action?

There was a verdict for the defendant, and the plaintiff in the court below obtained a writ of error from this court; and its petition contains several assignments of error, but also states that, "It is unnecessary to discuss in detail all of the foregoing assignments of error, because if the fourth assignment be well taken, the judgment complained of must be reversed, and if it is not well taken, the other assignments of error are immaterial. We shall, therefore, confine our consideration to this assignment, which brings up for review instruction 'A,' given on behalf of defendant in error, as follows: 'The court instructs the jury that unless they believe from the evidence that the plaintiff, or some one for it, did within thirty days after the delivery of the goods in question to Dingus & Kelly make claim for its, plaintiff's, alleged damages, and deliver such claim in writing to the agent of the defendant railroad company at Coeburn, Va., they shall find for the defendent'."

By section 1294l of the Code of 1904, it is provided: "Whenever any property is received by a common carrier to be

transferred from one place to another, within or without this state, or when a railroad or other transportation company issues its receipt or bills of lading in this state, the common carrier, railroad or transportation company, issuing such bill of lading shall be liable for any loss or damage or injury to such property caused by its negligence or the negligence of any common carrier, railroad or transportation company operating within any territory or state of the United States, to which such property may be delivered, or over whose lines such property may pass; and the fact of loss or damage in such case, shall itself be *prima facie* evidence of negligence, and the common carrier, railroad or transportation company issuing any such receipt or bill of lading, shall be entitled to recover, in a proper action, the amount of any loss, damage or injury it may be required to pay to the owner of such property from the common carrier, railroad or transportation company aforesaid, through whose negligence the loss, damage or injury may be sustained. No contract, receipt, rule or regulation shall exempt any such common carrier, railroad or transportation company from the liability of a common carrier, which would exist, had no contract been made or entered into."

There is a class of cases which holds that such a provision as that under consideration, while generally valid in those states not having a statute or statutes prohibiting the limitation of the common law liability, is of no avail as against a statute which prohibits any limitation of the common law liability.

In 6 Cyc., pp. 505-6, it is said: "It is usual to insert in bills of lading, or other contracts for shipment, a stipulation that written notice of a claim for loss of or damage to the goods shall be given to the agents of the carrier within some specified time, such as thirty or ninety days, and that, unless such notice is given, there will be no liability on the part of the carrier, and such stipulations are generally upheld, so far as they are found to be reasonable. Cases holding such stipulations to be invalid are usually based on the ground that the terms thereof are

unreasonable, rather than on the general invalidity of such conditions. But they are regarded as limitations of the carrier's liability, and therefore as ineffectual against a claim for loss or injury due to the carrier's negligence, and also as invalid where limitation of common law liability is prohibited by statute." Cases are cited from several states in support of the text.

On the other hand, Hutchinson on Carriers (3rd ed.) sec. 442, says: "It is frequently the custom for the carrier to insert in the contract of shipment a condition that, in the event of loss, the owner shall give notice of his claim within a specified time. Such conditions are usually to the effect that the notice shall be in writing and presented to some officer or agent of the carrier, either before the goods are removed from the point of destination or within a certain time thereafter, or within a designated time after the loss has occurred; and when such conditions are reasonable, the owner will be precluded from the right to maintain an action against the carrier unless he has presented the notice within the time stated and in the manner provided. The object of conditions of this character, it is said, is to enable the carrier, while the occurrence is recent, to better inform himself of what the actual facts occasioning the loss or injury were, and thus protect himself against claims which might be made upon him after such a lapse of time as to frequently make it difficult, if not impossible, for him to ascertain their truth. It is just, therefore, that the owner, when a loss or injury has occurred, should be required, as a condition precedent to enforcing the carrier's liability, to give notice of his claim according to the reasonable conditions of the contract."

A great number of cases hold that a provision identical in terms, or in some cases less favorable to the shipper, than the one under consideration, is reasonable, and should be enforced—among them *Simons* v. *Great Western Ry.*, 86 E. C. L. 804, where it was held by the court of common pleas that a condition

in a bill of lading was just and reasonable, which provided that "no claim for damages will be allowed, unless made within three days after the delivery of the goods, nor for loss, unless made within three days of the time that they should be delivered;" and *Lewis* v. *R. Co.,* 5 Hurlstone & Norman's Rep. 867, where a stipulation was held to be reasonable to the effect that "No claim for deficiency, damage or detention will be allowed, unless made within three days after the delivery of the goods; nor for loss, unless made within seven days of the time they should have been delivered."

*Express Company* v. *Harris,* 51 Ind. 127; *Capehart* v. *S. & R. R. Co.,* 77 N. C. 355; and *Texas Cent. R. Co.* v. *Morris,* 16 A. & E. Ry. Cas. 259, are to the same effect.

In *Black* v. *Wabash R. Co.* 111 Ill. 351, 53 Am. St. Rep. 628 a bill of lading requiring notice of claim in writing within five days, was held valid, the court saying: "The manifest object of such a provision is to force those claiming to be damaged by the carrier's negligence to promptly present their claims for adjustment while the facts, and circumstances upon which they are based, are fresh in the memories of parties and witnesses, and to prevent being harassed or imposed upon by dishonest claimants." See also *Sprague* v. *M. P. R. Co.,* 34 Kan. 347, 8 Pac. 465.

In *Pavitt* v. *L. V. R. Co.,* 153 Pa. 302, 25 Atl. 1107, the court sustained as valid a stipulation in a bill of lading for the transportation of horses, providing that the shipper must make claim in writing within five days from date of unloading, the court saying: "It is settled from all the authorities that such a provision as this, inserted in a contract by a common carrier, is reasonable and will be enforced. It is proper, because the demand promptly made gives warning and enables the carrier, while evidence is attainable and recollection clear, to institute inquiry into the merits of the claim, and thus guard against fraud or over-valuation." See also *Armstrong* v. *Chicago, M. & St. P. Ry. Co.,* 53 Minn. 183, 54 N. W. 1059; *Selby* v. *Rail-*

*road,* 113 N. C. 588, 18 S. E. 88, 37 Am. St. Rep. 635; *C. C. C. & St. L. Ry. Co.* v. *Newlin,* 74 Ill. App. 638; *American Grocery Co.* v. *Staten Island R. T. Co.,* 51 N. Y. Sup. 307; *St. Louis & San Francisco R. Co.* v. *Hurst,* 67 Ark. 407, 55 S. W. 215.

Let us consider for a moment the authorities bearing upon the effect of the statute heretofore quoted upon this provision.

In *Gulf & Santa Fe R. Co.* v. *Traawick,* 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494, 30 A. & E. R. Cas. 49, treating of the effect of a statute of the state of Texas upon such a stipulation, it is said: "The statutes of this state only forbidding such contracts as would limit or restrict the common law liability of carriers, we see no reason why contracts executed upon sufficient consideration and reasonable in character, looking only to the time within which such liability may be enforced, should not be held valid. There is no rule of the common law which forbids such contracts."

In *Goggin* v. *Kansas Pac. Ry. Co.,* 12 Kan. 416, Chief Justice Kingman said: "It is undoubtedly settled that the common carrier may relieve himself from the strict liability imposed on him by the common law by a special contract; but it seems that he cannot relieve himself from liability for his own negligence. The contract pleaded does not pretend to relieve the defendant from the consequences of his own negligence. It only stipulates that the shipper shall, on his part, perform certain duties."

See also *Southern Express Co.* v. *Hunnicutt,* 54 Miss. 566, 28 Am. St. Rep. 385; and *Sprague* v. *M. P. R. Co., supra,* where the court said: "The stipulation requiring notice of any claim for damages to be given, cannot be regarded as an attempt to exonerate the company from negligence or from the negligence or misfeasance of any of its servants. The company concede that such an agreement would be ineffectual for that purpose. It is to be regarded rather as a regulation for the protection of the company from fraud and imposition in the ad-

justment and payment of claims for damages by giving the company a reasonable opportunity to ascertain the nature of the damage and its cause."

On this point, see also *Pavitt* v. *L. V. R. Co., supra; Case* v. *C. C. C. & St. L. Ry. Co.,* 11 Ind. App. 517, 39 N. E. 426; *B. & O. S. W. Ry. Co.* v. *Ragsdale,* 14 Ind. App. 406, 42 N. E. 1106.

The Supreme Court of the United States, in *Southern Ex. Co.* v. *Caldwell,* 21 Wall. 264, 22 L. Ed. 566, treats of this subject as follows: "The stipulation is not a conventional limitation of the right of the carrier's employer to sue. He is left at liberty to sue at any time within the period fixed by the statute of limitations. He is only required to make his claim within ninety days, in season to enable the carrier to ascertain what the facts are, and having made this claim, he may delay his suit.

"It may also be remarked that the contract is not a stipulation for exemption from responsibility for the defendants' negligence, or for that of their servants. It is freely conceded that, had it been such, it would have been against the policy of the law, and inoperative. * * * A common carrier is always responsible for his negligence, no matter what his stipulations may be. But an agreement that, in case of failure by the carrier to deliver the goods, a claim shall be made by the bailor, or by the consignee, within a specified period, if that period be a reasonable one, is altogether of a different character. It contravenes no public policy. It excuses no negligence. It is perfectly consistent with holding the carrier to the fullest measure of good faith, of diligence and of capacity, which the strictest rules of the common law ever required. And it is intrinsically just as applied to the present case. * * * If a bailor may delay giving notice to them of a loss, or making a claim indefinitely, they may not be able to trace the parcels bailed, and to recover them, if accidentally missent, or if they have, in fact, been properly delivered. With the bailor, the bailment is a single

transaction, of which he has full knowledge; with the bailee, it is one of a multitude. There is no hardship in requiring the bailor to give notice of the loss if any, or make a claim for compensation within a reasonable time after he has delivered the parcel to the carrier. There is great hardship in requiring the carrier to account for the parcel long after that time, when he has had no notice of any failure of duty on his part, and when the lapse of time has made it difficult, if not impossible, to ascertain the actual facts. For these reasons, such limitations have been held valid in similar contracts, even when they seem to be less reasonable than in the contracts of common carriers."

We are of opinion that there was no error in the instruction complained of, that it is decisive of this controversy, and that the judgment should be affirmed.

*Affirmed.*