# Richmond.

VIRGINIA-CAROLINA CHEMICAL CO. v. SOUTHERN EXPRESS CO.

January 13, 1910.

Absent, Buchanan, J.

1. CARRIERS—*Claim For Lost Goods—Time For Filing—Reasonable Regulations.*—A provision in a receipt given by an express company for the carriage of goods, that the company shall not be liable for any loss or damage unless the claim therefor shall be presented in writing to it at the office of issue within thirty days from its date, is a reasnoable and binding provision which must be complied with according to its tenor, otherwise the company cannot be held liable.

2. CARRIERS—*Lost Goods—Time For Filing Claim—Waiver—Estoppel.* Efforts to assist the owner to find a lost shipment after the carrier's exemption from liability therefor has attached under the terms of its bill of lading, do not constitute a waiver by the carrier of his right to claim such exemption, if the goods be not located. Conduct will not operate an estoppel against one who has not been induced thereby to alter his position to his prejudice.

Error to a judgment of the Circuit Court of the city of Richmond in an action of *assumpsit.* Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Cocke & Pickrell,* for the plaintiff in error.

*Thos. W. Shelton* and *A. S. Buford, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The Virginia-Carolina Chemical Company brings error to an adverse judgment in an action of *assumpsit* against the Southern Express Company to recover damages for the loss of certain farmers' notes given for fertilizers, which were delivered by the plaintiff's agent to the defendant at Cunningham, North Carolina, to be transported thence to the city of Richmond for delivery to the plaintiff.

The receipt given by the defendant for the notes contained the stipulation that "In no event shall the Southern Express Company be liable for any loss or damage unless the claim therefor shall be presented to them in writing at this office within thirty days after this date, in a statement to which this receipt shall be annexed."

The shipment was made on July 8, 1903, and the plaintiff was advised of the loss during that month; yet it is conceded that no notice in writing of a claim therefor was given until long after the expiration of the thirty days.

Such requirements are not construed as contracts against negligence, but are upheld by the courts generally as reasonable and binding provisions which must be complied with according to their tenor, otherwise the defendant cannot be held liable. *Atlantic Coast Line* v. *Bryan,* 109 Va. 523, 65 S. E. 30.

In the case of *Liquid Carbonic Company* v. *N. & W. Ry. Co.,* 107 Va. 323, 58 S. E. 569, 13 L. R. A. (N. S.) 753, it was held that "a common carrier is always responsible for his negligence, no matter what his stipulations may be; but an agreement that claim shall be made in a reasonable specified period contravenes no public policy, excuses no negligence, and is perfectly consistent with holding the carrier to the fullest measure of good faith, diligence and capacity which the strictest rules of the common law ever required; and such an agreement is valid."

The plaintiff in error recognizes the existence and force of

the general rule, but seeks to escape the effect of it by invoking the doctrine of *waiver*.

. It is true that after the time limit had expired and the liability of the defendant had ceased, the agents of the company were diligent in their efforts to lessen the plaintiff's damage, as far as practicable, by collections on the lost notes; and from that source the loss was reduced from $1,980.23, the face amount of the notes, to $776.05. Nevertheless, there is nothing in the record to warrant the assumption that the express company has by words or act admitted liability or waived its right to insist upon the exemption afforded by the thirty days' clause.

In the *Atlantic Coast Line Railroad case, supra,* it is said: "A waiver to operate as such must arise in one of two ways, either by contract or by estoppel. If by contract, it must be supported by a valuable consideration—that is, such consideration as will support any other contract." Again, at page 251, the court observes: "In order for there to be an estoppel by conduct, the party sought to be estopped must have caused the other party to occupy a more disadvantageous position than that which he would have occupied except for that conduct. . . . 'Conduct will not operate an estoppel against one who has not been induced thereby to alter his position to his prejudice.' *Terry v. McClung,* 104 Va. 59, 52 S. E. 355; *Rorer Iron Co. v. Trout,* 83 Va. 410, 2 S. E. 713, 5 Am. St. Rep. 285. . . . It cannot be held that this action of the company in attempting to find the lost shipment, after its exemption from liability had attached under the stipulation of its bill of lading, was a waiver of its right to claim such exemption, if the goods should not be located."

If in the instant case we leave out of consideration, as we must do, the letters and evidence of loose statements of subordinate agents of the company, who are affirmatively shown to have been clothed with no authority to speak for or to bind their principal, then there is nothing in the record upon which to found the theory of waiver.

The circuit court, therefore, did not err in refusing to in-struct upon that hypothesis, and in telling the jury "that unless they believe from the evidence that the plaintiff gave the defendant written notice of its claim, on account of failure to deliver the package within thirty days from the date of delivery of said package to the company, as required by the contract made by said company,  .  .  .  the plaintiff has not shown a right to recover in this case, and they will find for the defendant." *Taylor* v. *B. & O. Ry. Co.,* 108 Va. 817, 62 S. E. 798.

There are several other questions in the case of minor importance which present no ground for reversal, and need not be discussed.

*Affirmed.*