# Richmond.

## OLD DOMINION STEAMSHIP CO. AND OTHERS v. FLANARY & CO.

January 26, 1911.

Absent, Cardwell, J.

1. CARRIERS—*Interstate Shipments—Liability of Initial Carrier—Contracts Against Liability.*—Under the Carmack Amendment to the Interstate Commerce Act the initial carrier of an interstate shipment of goods is made liable for all losses occasioned not only on its own line, but upon the lines of its connecting carriers, and every contract, receipt, rule or regulation exempting it from such liability is null and void. This amendment is not only constitutional, but is a wise and salutary regulation.

2. CARRIERS—*Claim for Lost Goods—Limitation on Time of Making.*— A condition in a bill of lading that claims for loss or damage shall be made in writing to carrier's agent at the point of delivery promptly after the arrival of the property, and if delayed more than thirty days after the delivery of the property, or after due time for the delivery thereof, there shall be no liability upon the carrier, is a reasonable provision and will be upheld. Such a provision contravenes no public policy and excuses no negligence, but is a reasonable regulation for the protection of the carrier, and is especially so in view of the liability imposed upon the initial carrier by the Carmack Amendment to the Interstate Commerce Act.

3. ESTOPPEL—*Conduct.*—If estoppel by conduct is relied on, the party sought to be estopped must have caused the other party to occupy a more disadvantageous position than he would have occupied but for such conduct.

4. CARRIERS—*Lost Goods—Exemption from Liability—Waiver—Sending a Tracer.*—An attempt by a carrier to find a lost shipment, by sending out a tracer therefor at the instance of the shipper, after its exemption from liability has attached and become a vested right by reason of the failure of the shipper to present a claim therefor within the time and at the place stipulated for in the bill of lading, does not constitute a waiver of its

right to claim such exemption, if the goods should not be located.

5. INSTRUCTIONS—*No Evidence to Support—Carriers—Waiver.*—If there is no evidence to support the claim of a plaintiff that the defendant carrier waived a stipulation in its favor contained in a bill of lading, it is proper for the trial court to so instruct the jury.

Error to a judgment of the Circuit Court of Wise county in an action of assumpsit. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bullitt & Chalkley* and *Loyall, Taylor & White,* for the plaintiffs in error.

*Vicars & Peery,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

On the 5th day of September, 1906, goods were shipped by Dunham & Company and the Claflin Company, of New York, by the Old Dominion Steamship Company and connecting lines to C. F. Flanary & Company, at Wise, Virginia. The goods were never delivered, and in the early part of October tracers were sent out by the transportation companies to discover what had become of them, but they were never found, and in December, 1908, Flanary and Company brought suit in assumpsit against the Virginia and Kentucky Railway Company, the Norfolk and Western Railway Company, and the Old Dominion Steamship Company to recover the value of the goods.

The bill of particulars shows that the bill shipped by Dunham & Co. on the 5th of September, 1906, amounted to $302.01, and the freight paid upon it was $3.65; the shipment by the Claflin Co. on the same day was valued at $125.98, and

the freight upon it was $2.63; and it was agreed between the parties that if the plaintiffs were entitled to recover, they should have a judgment for $434.27.

The court directed the jury by their verdict to answer certain questions, as follows:

"1. Were the goods sued for in this case delivered by Claflin & Co. and Dunham & Co., respectively, to the Old Dominion Steamship Company, on or about September 5, 1906, for shipment to C. F. Flanary & Co., at Wise, Virginia?" to which the jury answered, "Yes."

"2. Were the goods sued for herein ever received by C. F. Flanary & Co., at Wise, Virginia?" Answer, "No."

"3. If the said goods were delivered to the Old Dominion Steamship Company as set forth in question No. 1, and if they were never received by C. F. Flanary & Co., then how were the said goods lost; that is, were they lost by any of the defendant companies, and if by any of the defendant companies then by which of the defendant companies?" Answer: "They were lost by the Old Dominion Steamship Company and never delivered by it to the Norfolk and Western Railway Company."

"4. Did any of the defendant companies waive their right to insist upon the provision in the bill of lading, or contract of shipment, reading as follows, namely: 'Claims for loss or damage must be made in writing to the agent at point of delivery promptly after the arrival of the property and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event;' and if so, which of them." Answer: "Yes, all of them."

"5. You will find whether or not C. F. Flanary & Co., or the shippers on behalf of C. F. Flanary & Co., filed in writing claims for damages for the loss of the said goods with any of the said defendant companies; if so, which one, when and where." Answer: "Yes, J. H. Dunham & Co., on

behalf of C. F. Flanary & Co., sent tracers from New York on October 2, 1906, and filed claim in writing with Old Dominion Steamship Company in New York on October 27, 1906, for $302.01, for amount of goods contained in case No. 110, shipped by this company. The H. B. Claflin Company, on behalf of C. F. Flanary & Co., sent tracer from New York on October 2, 1906, and filed claim in writing with Old Dominion Steamship Company in New York on October 23, 1906, for $125.98 for amount of goods contained in case No. 72798, shipped by this company."

The Old Dominion Steamship Company relied upon the facts, that it had delivered all of the freight which it had received in good order at Norfolk, Virginia, to its connecting carrier, the Norfolk and Western Railway Company, and that it was not responsible to the defendant in error because of the stipulation in its bill of lading, that "claims for loss or damage must be made in writing at point of delivery promptly after the arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

In reply to the first contention, the defendant in error relies upon what is known as the Carmack Amendment to the Interstate Commerce Law, this day passed upon in the case of *Norfolk & Western Railway Company* v. *Dixie Tobacco Company, ante*, p. 813, 69 S. E. 1106, in which, upon the authority of the decision of the Supreme Court of the United States in the case of *Atlantic Coast Line Railroad Co.* v. *Riverside Mills*, 219 U. S., 54 L. Ed. 31 Sup. Ct. 164, decided at the October term, 1910, we held that the act in question is constitutional and valid. It is in these words:

" * * * * any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful

holder thereof for any loss, damage or injury to said property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed, provided that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

The effect of that law, which we consider to be not only constitutional but a wise and salutary regulation, is that the contract by which the Old Dominion Steamship Company undertook to limit its liability to loss occurring on its own line is rendered null and void, and it is made liable for all loss occasioned upon the lines of its connecting carriers. That disposes of the first contention of plaintiff in error.

With reference to the provision in the bill of lading by which the shipper is required to make claim for loss or damage in writing to the agent at the point of delivery promptly after the arrival of the property, and if delayed more than thirty days after the delivery of the property, or after due time for the delivery thereof, the carrier shall not be liable, Flanary & Company insist that the benefit of this provision was waived by the plaintiff in error; that its conduct was such as to operate as an estoppel upon it; and that it will not be permitted to rely upon this provision in the bill of lading.

In the case of *Liquid Carbonic Co.* v. *Norfolk & Western Ry. Co.*, 107 Va. 323, 58 S. E. 569, 13 L. R. A. (N. S.) 753, this subject was fully examined and the conclusion reached that "a condition in a bill of lading that claims for loss or damage shall be made in writing to the carrier's agent at the point of delivery promptly after the arrival of the property, and if delayed more than thirty days after the delivery of

the property, or after due time for the delivery thereof, there shall be no liability upon the carrier, is a reasonable provision and will be upheld. Such a provision contravenes no public policy and excuses no negligence, but is a reasonable regulation for the protection of the carrier from fraudulent imposition in the adjustment and payment of claims for goods alleged to have been lost or damaged."

The reasonableness of the rule approved in the case just cited receives additional force from the fact that the liability of the initial carrier under the Carmack Amendment to the Interstate Commerce Act having been established, thus rendering it responsible for the delinquencies of a connecting carrier or for those occurring upon a line other than its own, it should receive prompt notice of the fact that it is to be held liable, in order that it may take steps to indemnify itself by fixing the responsibility where it justly belongs.

The case of *Atlantic Coast Line R. Co.* v. *Bryan*, 109 Va. 523, 65 S. E. 301, construes a similar provision of a bill of lading, reaffirms the position taken in *Liquid Carbonic Company* v. *N. & W. Ry. Co.*, *supra*, and holds that such a provision is a reasonable one, and, unless waived, is enforceable by the carrier in bar of any action by the shipper for such loss or damage. Treating of waiver, the court there said: "A waiver, to operate as such, must arise either by contract, or by estoppel. If by contract, it must be supported like any other contract, by a valuable consideration. If estoppel by conduct is relied on, the party sought to be estopped must have caused the other party to occupy a more disadvantageous position than he would have occupied but for that conduct;" and that "an attempt by a carrier to find a lost shipment after its exemption from liability has attached and become a vested right by reason of the failure of the shipper to present a claim therefor within the time and at the place stipulated for in the

bill of lading, does not constitute a waiver of its right to claim such exemption, if the goods should not be located."

In the still more recent case of *Virginia-Carolina Chem. Co. v. Southern Express Co.*, 110 Va. 666, 66 S. E. 838, the case of *Liquid Carbonic Co.* v. *N. & W. Ry. Co.*, *supra*, is referred to and again approved. The subject of waiver was also considered, and the court said: "It is true that after the time limit had expired and the liability of the defendant had ceased, the agents of the company were diligent in their efforts to lessen the plaintiff's damage, as far as practicable, by collections on the lost notes; and from that source the loss was reduced from $1,980.23, the face amount of the notes, to $776.05. Nevertheless, there is nothing in the record to warrant the assumption that the express company has by words or act admitted liability or waived its right to insist upon the exemption afforded by the thirty days' clause.

In this case the only conduct relied upon to estop the plaintiff in error from asserting its exemption under the provision quoted from the bill of lading is that tracers were sent out to find the lost property. It is nowhere suggested in the record that there was any intimation that the carrier did not intend to insist upon its rights. The request that tracers should be sent out is the only act upon the part of the consignee; the sending out of the tracers the only act upon the part of the carrier. It is not perceived that the defendant in error suffered any loss or damage, or was prejudiced, or was placed in any worse attitude, or was injured in any respect or in any degree whatever by what was done. The shipments were made on the 5th day of September. According to the weight of evidence, the goods should have arrived at their destination at Wise, Va., on or about the 15th. But if fifteen days instead of ten be allowed as a reasonable time to cover their transportation, still the notice would be insufficient, for the notice was filed by the H. B. Claflin Company on behalf

of C. F. Flanary & Co. on October 23, 1906, and by Dunham & Co. on behalf of C. F. Flanary & Co. on October 27, 1906.

We are, therefore, of opinion that the court erred in instructing the jury, that "if they believe from the evidence in this case that the bills of lading covering the shipments of goods and merchandise in the declaration mentioned contained a provision that claims for loss or damage must be made in writing to the agent at the point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier thereunder should be liable in any event; yet, if they further believe from the evidence that the defendants had notice of the failure to deliver said goods to plaintiffs, and that plaintiffs or some one of them requested defendants to send tracers after said shipments, and that defendants did endeavor to trace and locate said shipments, then plaintiffs would not be required to give such notice in writing, except within thirty days from the time defendants abandoned all efforts to trace and locate said shipments, and so notified plaintiffs of such abandonment.

"And the jury are further instructed, that even though they may believe the said bills of lading contained a provision as aforesaid, yet, if they further believe that the defendants, through the acts, representations and conduct of its employees, or through the acts, representations and conduct of the agent, or agents, of the Virginia and Kentucky Railway Company, at Wise, Virginia, with whom such claim in writing should be filed as provided in such provision, or clause, waived the requirement of such provision, and led the plaintiffs to believe that the requirement of such provision would not be insisted upon by defendants, then the plaintiffs are not barred from a recovery by reason of any failure on their part to make such claim or claims in writing to the agent at the point of delivery at Wise, Va."

We are further of opinion that the court should have given

instruction No. 1, asked for by plaintiff in error, as follows: "The court instructs the jury that there is no evidence in the case that the defendant, the Old Dominion Steamship Company, ever waived the benefit of the stipulation contained in the bill of lading and quoted in paragraph four of the questions submitted, and the jury, in answering the question in the said paragraph four, should not answer that the said defendant, the Old Dominion Steamship Company, so waived the same."

For these reasons, the judgment of the circuit court must be reversed, and the cause remanded for a new trial in accordance with the views herein expressed.

*Reversed.*