R. P. HAZZARD COMPANY

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Kennebec.   Opinion March 10, 1922.

*The stipulation contained in a bill of lading that as a condition precedent to recovery*
*for non-delivery of interstate shipment of goods, claims in writing must be*
*made to the originating or delivering carrier within six months after a*
*reasonable time for delivery has elapsed, has been determined by the*
*Federal Court as valid.   A reasonable time for performing a given*
*act is such time as is necessary conveniently to do what the*
*contract requires to be done, and in any given case is a*
*question of fact.*

The evidence in the instant case proves that two or three days was a reasonable time in which to conveniently transport these goods from Gardiner, Maine, to Boston, Massachusetts, and therefore the reasonable time for delay expired on May 18, 1918.

The six months after the reasonable time, therefore expired on November 18, 1918, and as the first written claim was made on December 14, 1918, it was nearly a month subsequent to the period allowed by the stipulation and eleven days even beyond the request for a tracer.   Such delay on the part of the plaintiff constitutes a bar and precludes recovery.

On report.   This is an action for the non-delivery of a portion of an interstate shipment of goods, under the provisions of the Carmack Amendment to the Interstate Commerce Act.   By agreement of the parties after the testimony was closed, the case was reported to the

Law Court for final determination on agreed facts and so much of the evidence as was legally admissible.   Judgment for defendant.

The case is fully stated in the opinion.

*George W. Heselton,* for plaintiff.

*Carroll N. Perkins,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J.   This action is for the non-delivery of a portion of an interstate shipment of goods, under the provisions of the Carmack Amendment to the Interstate Commerce Act, U. S. Comp. St. 1916, Volume 8, Section 8604a, the defendant being the initial carrier.

The facts, which are not in dispute, may be thus stated:   On May 13, 1918, the plaintiff delivered to the defendant at Gardiner, Maine, twenty-five cases of shoes consigned to F. L. Moore & Co. of Boston, Massachusetts, forwarding agents, fourteen cases being intended for reshipment to the Beck Shoe Company of New York City, and being plainly stenciled with the name and address of the last named company.   The shipment arrived in Boston on May 15, 1918, at 10:45 A. M., having been en route two days, but it was two cases short, only twelve of the fourteen Beck Shoe Company cases being delivered. The consignee receipted for the twelve cases only.   The missing goods were never delivered and no reason is disclosed for such non-delivery.   On November 25, 1918, the plaintiff was advised of the shortage by the Beck Shoe Company.   The attention of the defendant's station agent at Gardiner was called to the fact by the plaintiff on the next day, November 26, and on November 27 the plaintiff claims to have sent the following letter to the defendant at Gardiner:

"Referring to our shipment of May 13th of 14 cases shoes numbers 3683-84 and 8774-8785 inclusive to the Beck Shoe Co., New York, care of F. L. Moore & Co. that Mr. Lasalle had up with you yesterday relative to there being two cases short, numbers 8778 and 8780.

We trust you can locate the same at once with wire tracer as suggested."

On December 14, 1918, a claim was presented to the defendant in the form of an invoice for the two missing cases, giving their value to be $141 and stating that this shipment of May 13 was short that amount on arrival at Boston.

The shipment was under a bill of lading of the uniform type and contained the following stipulation and condition:

"Section 3  .  .  .  As conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within six months after delivery of the property . . . . or, in case of failure to make delivery, then within six months . . . after a reasonable time for delivery has elapsed."

The defense is that written claim of loss was not made to the carrier within the prescribed time and therefore the action cannot be maintained.

1.  The validity of this stipulation in the bill of lading has been settled by the Federal Court. *Georgia F. & A. Ry. Co.* v. *Blish Milling Co.*, 241 U. S., 190; *St. Louis &c. Ry. Co.* v. *Starbird*, 243 U. S., 592.

2.  Written claim within the meaning of this stipulation was not made upon the company until December 14, 1918.

The letter of November 27, assuming that it was sent and received as the plaintiff contends, did not constitute a claim and did not purport to make demand for compensation.  It was simply an expression of hope that the defendant would be able to locate the goods by means of a wire tracer as suggested in the interview on the preceding day. It stated a desire to have the goods themselves and not the value thereof nor pay therefor.  It made no demand for remuneration.

Such claim need not be phrased in any particular form, but it must possess the characteristics of a claim and should either amount to a demand for compensation or contain evidence of an intention to claim remuneration for loss suffered.  *St. Louis &c. Ry. Co.* v. *Starbird*, 243 U. S., 592, 605, *Bronstein* v. *Payne, Director General*, Md.        , 113 At., 648.  The distinction between the nature of this letter of November 27 and the written claim of December 14 is recognized by the plaintiff itself.  Under date of December 12, 1918, it wrote to the Beck Shoe Company that it had taken the matter up with the local agent of the defendant in Gardiner and he had advised that he was unable to locate the two missing cases, "Therefore we will enter claim at this end and trust the same will be satisfactory." The claim was entered two days later.  Again under date of October 30, 1919, the plaintiff wrote the defendant, "Will you kindly refer to claim No. 260847, our claim of Dec. 14, 1918, amount $141 and return to us all papers &c."  This was the first and only claim the plaintiff intended to make.

The distinction is also noted by the courts.   In a very recent case in Maryland the court say:

"This prayer submits the proposition that the letter referred to in the evidence as a 'tracer' sent by Leibowitz & Co. to the Baltimore and Ohio Railroad Company with the bill of lading and paid freight bill together constituted a written claim for the loss and as such complied with that provision of the bill of lading which required a written claim to be filed within a certain limited time.   This proposition we are unable to approve because the tracer possessed none of the characteristics of a 'claim' as that expression is ordinarily understood.   The tracer was a mere request made by the shipper of the carrier to locate certain goods which had not been received.   Whereas the claim that should have been filed in accordance with the terms of the bill of lading could mean nothing less than a demand for the value of the goods which had been lost."   *Bronstein* v. *Payne, Director General,*
     Md.            , 113 Atl., 648, (1921).   See also *Cudahy Packing Co.* v. *Bixby,* 199 Mo. App., 589.   In the case at bar not even the bill of lading accompanied the letter.

3.   This claim made on December 14 was far beyond the limit allowed by the condition precedent in the bill of lading.   The claim should have been made "within six months after a reasonable time for delivery has elapsed."   What is meant by "a reasonable time for delivery"?   When does that time cease and the six months period begin?   The plaintiff argues that as this is a claim for entire failure of delivery and naturally cannot be made in good faith until after the expiration of such a period as would indicate a strong probability that the goods would never in fact be delivered, in other words until after it is found that they had been lost beyond a reasonable probability of tracing them, therefore the six months' period should not begin until all that preliminary time has expired.   This construction ignores the plain words and obvious meaning and purpose of the stipulation.   It would postpone the beginning of the six months' period until not a reasonable but an unreasonable time for delivery had passed, that is, until the expiration of all conceivable delays in transportation and all hope of delivery had been abandoned.   This view we cannot accept.   The words of the condition forbid it.

A reasonable time for performing a given act has been defined by this court to be, "Such time as is necessary conveniently to do what the contract requires should be done."   *Hollis* v. *Libby,* 101 Maine,

302, 309. This definition can be readily applied here. A reasonable time for delivery of goods transported by rail from Gardiner to Boston is the time required conveniently to make such transportation and delivery in the ordinary course of business, taking into consideration all the circumstances, the distance, the season of the year, weather conditions, labor conditions and other accompanying elements. It is a fact to be determined in each particular case. What this reasonable time was in the case at bar is shown by the evidence of witnesses both of the plaintiff and defendant to be from two to three days, two days in a through car, three if the car is broken at Portland. The distance is less than one hundred and seventy-five miles. The season was the Spring. There is no evidence of labor troubles. This statement of the witnesses as to the reasonable time for delivery is confirmed by the fact that the delivery of the other cases in this particular shipment was in fact made within two days, the goods having left Gardiner on May 13th and reached Boston at 10:45 A. M. on May 15th. If we allow three days, May 16 would mark the end of the reasonable time for delivery and the beginning of the six months' period under the facts of this case. The six months' period ended on November 16, 1918. The claim of December 14 was therefore twenty-eight days in excess of the specified limitation, and eleven days beyond the letter of November 27 even if that could be regarded as a written claim. Such delay on the part of the plaintiff constitutes a bar and precludes recovery. *Bronstein* v. *Payne, Director General,* supra; *Old Dominion S. S. Co.* v. *Flanary & Co.,* 111 Va. 816, 69 S. E., 1107.

Other questions were raised in argument but their consideration is rendered unnecessary by the conclusion here reached.

*Judgment for defendant.*