# Richmond.

## JAMES C. DAVIS, AGENT, ETC., v. JOHN H. RODGERS, ET ALS.

### September 25, 1924.

1. VERDICT—*Directing Verdict Forbidden—Code of 1919, Section 6003—Result Obtained by other Methods.*—Code of 1919, section 6003, forbids the trial court to direct a verdict, but under Virginia practice it is still possible by less summary methods to accomplish the same results. A demurrer to evidence may be interposed; evidence may be stricken out; the trial court may set aside the verdict, and in a proper case give final judgment (Code section 6251); the trial court may decline to give any instruction where the evidence would not sustain a verdict, and it may in substance direct a verdict by stating in an instruction a hypothetical case and telling the jury if they so believe, to find, etc.

2. NEGLIGENCE—*Questions of Law and Fact—Where Fair Minded Men Could not Differ.*—Negligence only becomes a question of law to be taken from the jury when the facts are such that fair minded men can only draw one inference therefrom.

3. QUESTION OF LAW AND FACT—*Facts Certain—Scintilla Doctrine—Question for Court.*—When the facts are certain and when fair minded men cannot be of two opinions as to the inferences to be deduced therefrom, then the matter is for the court and not for the jury. In this connection it is proper to remember that the scintilla doctrine is not revived in this State.

4. BILL OF LADING—*Claim of Loss—Six Months after a Reasonable Time for Delivery has Elapsed—Case at Bar.*—In the instant case, an action for loss of goods in transit, the bill of lading contained a clause that in case of failure to make delivery claim of loss should be made in writing within six months after a reasonable time for delivery has elapsed. The shipment in question was delivered at Ayden, about one hundred and thirty miles from Norfolk, to be forwarded to Norfolk. It appeared that seventeen days would be the outside limit for delivery.

*Held:* That ninety-seven days was unreasonable.

5. APPEAL AND ERROR—*Verdict—Jury to Consider all the Circumstances in the Case which have Evidential Value.*—The jury has a right to

consider all the circumstances in the case, but the circumstances which it may consider must be of evidential value. Under the guise of considering circumstances it is not left free to roam at will. The verdict must rest on facts proven, fair inferences therefrom, or circumstances having a tendency to establish the necessary facts. Where affirmative relief is asked, it must affirmatively appear that the verdict rests at least on some one of these foundations.

6. CARRIERS—*Reasonable Time for Delivery.*—What is a reasonable time for delivery is not a time contingent upon the possible existence of unusual conditions. Neither the shipper nor the jury has the right to assume them.

7. BILL OF LADING—*Waiver of Conditions—Interstate Commerce—Custom.*— Upon an interstate shipment conditions in the bill of lading as to notice of loss and limitation of time for suit which are part of federal regulations for interstate commerce cannot be waived, nor can custom effect a waiver.

8. CARRIERS—*Bill of Lading—Interstate Commerce—Reasonable Time—Limitation on Time of Bringing Suit.*—Upon an interstate shipment the bill of lading contained a condition that suit for loss or damage or delay should be brought within two years and one day after delivery, or in case of failure to make delivery then within two years and one day after a reasonable time for delivery has elapsed.

    *Held:* That where the shipment was between points only one hundred and thirty miles apart, an action brought more than two years and ninety days after the shipment of goods for their loss in carriage, was not brought within a reasonable time.

9. APPEAL AND ERROR—*Record—Bill of Lading not Copied into Record.*—In an action against a carrier for loss of goods, where the provisions written on the back of the bill of lading were not copied into the record, but the bill of lading was introduced in evidence, and the stipulations were copied into the petition for appeal, and they were dealt with throughout the hearing of the case as a part of the record, they will be so treated on appeal.

   Error to a judgment of the Circuit Court of the city of Norfolk, in an action of assumpsit. Judgment for plaintiffs. Defendant assigns error.

                                               *Reversed.*

The opinion states the case.

*Wm. B. McIlwaine* and *A. B. Carney,* for the plaintiff in error.

*Alfred Anderson* and *Thos. W. Shelton,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is an action instituted by Rodgers & Company, cotton factors, of the city of Norfolk, to recover damages for the loss of five bales of cotton out of an interstate shipment of 170 bales deposited at Ayden, N. C., on November 7, 1919, by Turnage & Bros., to be forwarded to these factors at Norfolk.

For this shipment a bill of lading issued containing among other things the following stipulations:

"Sec. 3   *   *   *   *   * except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property, or, in the case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed.

"And suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery then within two years and one day after a reasonable time for delivery has elapsed."

That these stipulations are part of Federal regulations for interstate commerce and that they are valid and reasonable and not affected by section 206 of the transportation act of 1920 (U. S. Comp. St. Ann. Supp. 1923, §10071¼cc) are matters that are "not in dispute."

There are four assignments of error.  The first and
second relate to giving and refusing instructions, while
the fourth is based upon the refusal of the trial court
to set aside the judgment as contrary to the law and the
evidence.  These assignments all raise the same issue.
They deny that the plaintiffs, under the evidence, have
any right to recover at all—that there was anything for
the jury to consider.

The rule in the Federal courts dealing with juries is:

"It is now a settled rule in the courts of the United
States that whenever, in the trial of a civil case, it is
clear that the state of evidence is such as not to warrant
a verdict for a party, and that if such a verdict were
rendered the other party would be entitled to a new
trial, it is the right and duty of the judge to direct the
jury to find according to the views of the court.  Such
is the constant practice, and it is a convenient one.  It
saves time and expense.  It gives scientific certainty to
the law in its application to the facts, and promotes the
ends of justice."  *Barrett* v. *Virginian Ry. Co.*, 250 U. S.
473, 39 Sup. Ct. 540, 63 L. Ed. 1092.

[1] This excellent rule we are precluded by statute
from following, Code section 6003, though it is still
possible under our practice by less summary methods
to accomplish the same results.  A demurrer to evi-
dence may be interposed, evidence may be stricken out,
*Fleshman* v. *Bibb*, 118 Va. 582, 88 S. E. 64; the trial
court may set aside the verdict and in a proper case give
final judgment, Code section 6251; the trial court may
decline to give any instruction where the evidence
would not sustain a verdict and it may, in substance,
direct a verdict by stating in an instruction a hypotheti-
cal case and telling them if they believe to find, etc.,
*Small* v. *Virginia R. & P. Co.*, 125 Va. 416, 99 S. E.
525.

The effect of these established methods of procedure is to substitute the judgment of the court for the judgment or verdict of the jury.    When should this power be used?

In *Richmond* v. *Lambert*, 111 Va. 174, 68 S. E. 276, and *Dun* v. *Seaboard Railway*, 78 Va. 645, 49 Am. Rep. 388, the court seems to say that where there is no dispute about the facts the matter is for the court and not for the jury, but this unqualified statement is not entirely accurate, and the true rule is that laid down in *Norfolk* v. *Anthony*, 117 Va. 777, 86 S. E. 68:

[2] "It is furthermore well settled by the Supreme Court of the United States and this court, by practically an unbroken line of decisions, that negligence only becomes a question of law to be taken from the jury when the facts are such that fair minded men can only draw one inference therefrom."

[3] To the same effect see *Payne* v. *Brown*, 133 Va. 222, 112 S. E. 833:    That is to say, when the facts are certain and when fair minded men cannot be of two opinions as to the inferences to be deduced therefrom, then the matter is for the court and not for the jury. In this connection it is proper to remember that the scintilla doctrine is not revived in this State.    *Realty Co.* v. *Burcum*, 129 Va. 466, 106 S. E. 375.

[4] We should bear in mind that the limitation in the bill of lading is not that the plaintiffs shall have six months after delivery and a reasonable time in which to give notice of loss, but that this notice must be within six months after a reasonable time for delivery has elapsed.    When a reasonable time for delivery had passed he had six months and no more in which to give notice, and this brings us back to the question as to what was reasonable time for delivery in the instant case.

Ayden is 136 miles from Norfolk.    Cotton was deliv-

ered there on November 7, 1919, consigned to plaintiffs. The record showed that it moved forward towards its destination on the following day. Five bales were lost; how, why, when or where we do not know. A reasonable time for it to continue in transit is fixed by witnesses at from three to seven days; seven being the outside limit. It also appears that at times cotton has remained on the platform at Ayden as much as ten days before being forwarded, though there is nothing to show that anything of this kind happened to the cotton in question. It does appear to have been shipped on the day following its receipt. Evidence for the plaintiff is that thirty days would have been an unreasonable time to be consumed in such a shipment. Taking the extreme and assuming that this cotton, after delivery, remained at Ayden for ten days and that it took seven days to carry it to Norfolk, we have seventeen days at the outside to be taken up in such a transaction, and outside time is not reasonable time. The notice in writing required was given on August 14, 1920, and this suit instituted on February 28, 1922; that is to say, the notice instead of being given seventeen days after shipment, was given ninety-seven days thereafter. Of course this time is in addition to the six months given by the contract.

[5] The fact that the jury had a right to consider all the circumstances in the case is stressed. This is entirely true, but the circumstances which it may consider must be of evidential value. Under the guise of considering circumstances it is not left free to roam at will. The verdict must rest on facts proven, fair inferences therefrom or circumstances having a tendency to establish the necessary facts. Where affirmative relief is asked it must affirmatively appear that the verdict rests at least on some one of these foundations. Of

course no verdict can be disturbed unless it is contrary to the evidence or without evidence to support it, and for a stronger reason when the evidence is conflicting it must stand.    Let us examine these circumstances.

[6] It is said that there is at times delay in barging over cotton from Pinner's Point to Norfolk; but this shipment was made in the busy season.    Barges run when they can get from forty to sixty bales.    There could have been but little delay on this account, and these witnesses who testified that seven days at the most would be reasonable, took this into consideration. It is also said that there is sometimes delay in beginning a shipment of cotton during the busy season.    Allowance has been made for this.    It is also said sometimes shipping directions are rubbed out, and when this occurs railroads are entitled to additional time for delivery, and "a reasonable time" is thereby extended.    But what is a reasonable time for delivery is not a time contingent upon the possible existence of unusual conditions. Neither the plaintiff nor the jury had the right to assume them.    As a matter of fact there is nothing to show that they did in fact exist nor what was the cause of nondelivery, and after all we come back to this. What time was reasonable?

It is to be remembered that it was not necessary to give notice within a reasonable time after shipment, but within six months after a reasonable time for delivery has passed.    The cotton season ended in January, accounts were then cast up, this shortage, if not known before must have been apparent then and yet notice was not given until August.    Again, if reasonable time for delivery was stayed by inability to deliver, this rule, so far as lost property is concerned, would be a dead letter.

It was always possible at the end of each day for the

plaintiff to tell just how much cotton was short, but it is said that for convenience this was not done until the end of the busy season, or in January. It was then the custom of these factors to ascertain their loss, present their claims to the railroad and receive from any cotton on hand belonging to unknown owners an amount sufficient to make up the shortage.

As a matter of fact, it does not appear from the evidence that the defendants made any demand until August 14, 1920. In other words, they invoke a custom not followed and one, which, if followed, would have given actual notice of the loss and afforded the railroad some opportunity to protect itself.

"Nor can the period of limitation be extended for lack of discovery of the loss. Negligence and unnecessary delay in the assertion of claim for losses in transportation are the evils against which the limitation provides." *Kahn* v. *American Railway Express*, 88 W. Va. 17, 106 S. E. 126.

[7] Nor can custom effect a waiver. In *Georgia Ry. Co.* v. *Blich Co.*, 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, the court said:

"But the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed."

It is true that in the *Southern Ry. Co.* v. *Stewart*, 248 U. S. 447, 39 Sup. Ct. 139, 63 L. Ed. 350, the court seems to intimate that a waiver might in certain cir-

cumstances be shown, but the Supreme Court in *Texas & Pacific Ry.* v. *Leatherwood*, 250 U. S. 478, 39 Sup. Ct. 517, 62 L. Ed. 1096, said:

"The parties to a bill of lading cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them." Quoting *Railway Co.* v. *Blish Milling Co., supra*, with approval.

And this is the rule laid down in *Bronstein* v. *Payne*, 138 Md. 116, 113 Atl. 648, and also in *Metz Co.* v. *Boston & Maine Ry.*, 227 Mass. 307, 116 N. E. 475. In the Massachusetts case the court comments on the fact that a different rule at one time prevailed. See *Old Dominion S. S. Co.* v. *Flanary*, 111 Va. 816, 69 S. E. 1107, but points out that this rule was adopted before the United States Supreme Court had passed on this question and that its decision must be followed. After all each case is governed by its own evidence. A jury cannot say that ninety-seven days is a reasonable time in which to ship cotton from Ayden, N. C., to Norfolk, Virginia, when the evidence puts seventeen days as the outside limit and when the plaintiff's own witnesses state that thirty days would be unreasonable. In *Kahn* v. *American Railway Express Co., supra*, the court said:

"Whether nearly sixty days is a 'reasonable time for delivery,' in transportation by express-carrying trains between Bluefield and New York, is a question about which there cannot be the slightest doubt. The package was delivered within three days. That a period of one or two months suffices is so clearly manifest as to leave no room for two different and intelligent opinions. In all such cases, the function of the jury may be dispensed with and the question disposed of by the court as one of law."

There was nothing for the jury to pass upon and any

of the methods of procedure heretofore suggested as proper in such cases might have been adopted.

The instructions asked for by the defendant should have been given.

[8] All that has been said about delay in giving notice of loss applies with equal force to bringing action therefor.

[9] The provisions written on the back of the bill of lading are not copied into the record. This bill of lading was introduced in evidence and these stipulations are copied into the petition for appeal. They have been dealt throughout the hearing of this case as a part of the record and will be so treated. *Malarkey* v. *Ballard,* 157 Va. 631, 120 S. E. 245.

The verdict of the jury was contrary to the evidence and without evidence to support it.

The third assignment of error need not be noticed.

We are of opinion that the judgment of the trial court should be reversed and the verdict of the jury set aside, and that final judgment should be entered in this court in favor of the defendants, and it is so ordered.

*Reversed.*