## SUPERIOR COURT

Jenckes Spinning Co.,
vs.
New York, New Haven & Hartford R. R. Co.

No.57463

RESCRIPT
March 20, 1925.

TANNER, P. J. This is a jury trial waived case and is an action to recover for the value of two bales of Egyptian cotton which were shipped from Boston over the New York, New Haven and Hartford Railroad. One of these bales was included in a shipment on May 1, 1920 of six bales; the other was included in a shipment on May 10, 1920, of two bales. The two bales sued for were never delivered.

The defence made to this action is that it was a condition precedent in the bills of lading that claims must be made in writing to the delivering carrier within six months after reasonable time for delivery has elapsed in case of fai'ure to make delivery.

Written claim was made by the plaintiff through the broker on the 6th of January, 1921, so that the time for reasonable delivery was in the case of one shipment from May 1st to July 6th and in the case of the other from May 10th to July 6th, 1920, each.

No special circumstances have been put in evidence to show why the two missing bales couldn't have been delivered with the rest of the lots in which they were shipped. Those two lots were delivered each in ten days,

which, according to the testimony, is the usual time for delivery. There are no special circumstances attending the shipment from which we can infer that ten days was not a reasonable time for the delivery of the two missing bales as well as for the delivery of the other bales. We are, therefore, able to say that July 6, 1920, was not more than a reasonable time for the delivery of the two missing bales.

Bronstein et al. vs. Paine, 113 Atl. Rep. Page 648;

Davis vs. Rogers, 124 S. E. 408;

Hazard Co. vs. Maine Central, R. R., 116 Atl. 258.

The plaintiff argues that there has been a waiver upon the part of the Railroad Company of the condition precedent. There have been, to be sure, many decisions supporting that position. We feel, however, that we are absolutely precluded by the opinions of the U. S. Supreme Court, which are final on the subject. The case of Georgia, Florida & Alabama R. R. Co. vs. Blish Milling Co., 241 U. S. p. 190, is directly in point. It holds that "the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act; nor could the carrier by its conduct give the shipper the right to ignore these terms, which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed."

The plaintiff argues that this decision is obiter dictum but if so it has been confirmed by the U. S. Supreme Court in 250 U. S. page 478, Texas & Pac. R. R. Co. et al vs. Leatherwood.

The same principle is also confirmed in Davis vs. Henderson, Su-

preme Court Report, Nov. 15, 1924, at page 24.

The plaintiff seeks to strengthen his position by reference to the fact that each of the two shipments was part of a much larger number of bales which were shipped from Egypt to Boston and had to be fumigated under the United States regulations, but we are unable to see how this affects the Railroad Company. Each of the two shipments in question were separate and individual shipments made under separate and distinct contracts by the Railroad Company. The fact that the plaintiff may have delayed the making of a claim in the hopes that the missing bales might turn up in some other shipment can not, in our opinion, affect the case.

We therefore feel obliged to give decision for the defendant.

For plaintiff: John W. Baker and Benjamin F. Lindemuth of Henshaw & Sweeney.

For defendant: Forrest Shepherd and E. J. Phillips.