FISK RUBBER COMPANY OF NEW YORK *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Hampden.    September 23, 1921. — November 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Bill of Lading. Carrier,* Of goods. *Notice. Contract,* Construction, Validity.

A railroad corporation issued to a shipper at Lowell in this Commonwealth a negotiable uniform bill of lading for goods received by it for shipment and delivery to the order of a consignee at Knoxville in the State of Tennessee, a provision of which was "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery,

claims must be made in writing to the originating or delivering carrier within six months after delivery of the property . . . or, in case of failure to make delivery, then within six months . . . after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." The consignor sent the bill of lading with a draft attached to a bank at the place of destination. The goods arrived at their destination on June 22, 1917, and on June 25 were delivered by the carrier without requiring the surrender of the bill of lading, and the draft was not paid. The consignee was not notified and had no knowledge of the delivery until October 30, 1918, and did not bring an action against the railroad corporation until June 27, 1919. *Held*, that

(1) The requirements of the bill of lading as to notice were not satisfied by letters from the consignor to the railroad corporation on July 23 and on October 6, 1917, asking that the shipment be traced;

(2) A letter from the consignor to the railroad corporation on December 12, 1917, rehearsing the facts as to the shipment and the requests that it be traced, and stating, "Our customer will not accept this shipment unless it is delivered at once and it will be necessary for us to enter claim with the railroad company covering same. Will you kindly make a special effort and have this shipment wired traced at once," was a notice of claim within the requirements of the bill of lading;

(3) The delivery by the carrier without requiring the surrender of the bill of lading was a "failure to make delivery" in accordance with its terms;

(4) Even assuming that the provision of the bill of lading as to limitation of the time within which actions should be brought was reasonable and valid, this action, upon the facts above described, was brought seasonably;

(5) At the time of misdelivery, the carrier in Tennessee had not assumed the position of warehouseman, and its responsibility as carrier continued;

(6) It was unnecessary to decide whether the misdelivery constituted a conversion and relieved the plaintiff from complying with the stipulations of the bill of lading as to notice and limitation of time within which action should be brought.

CONTRACT OR TORT, with a declaration in two counts, the plaintiff in the first count alleging in substance that the defendant neglected to deliver certain goods shipped by the Auto-Tire Vulcanizing Company at Lowell to the plaintiff at Knoxville in the State of Tennessee upon a uniform bill of lading, described in the opinion, "but delivered the same without surrender of the bill of lading." The second count was for conversion of the goods. Writ dated June 27, 1919.

The defendant's answer alleged a failure of the plaintiff to comply with the requirements of the bill of lading, described in the opinion, as to notice and time within which the action should have been begun.

In the Superior Court, the action came on to be heard before *Fessenden, J.,* upon an agreed statement of facts.

It appeared that, on July 23, 1917, the Auto-Tire Vulcanizing Company wrote to the defendant as follows: "Will you kindly trace our shipment of June 8th, to order of The Fisk Rubber Company, notify International Rubber Sales Co., Knoxville, Tenn.?" On October 6, 1917, the Auto-Tire Vulcanizing Company wrote to the defendant as follows: "Will you please wire trace our shipment of June 8th to Order of The Fisk Rubber Company of N. Y. Notify International Rubber Sales Co., Knoxville, Tenn. 4 boxes, 2 crates, weight 700 lbs. Will you kindly make a special effort to locate this shipment as our customer will refuse to accept same unless it is delivered within the next week. We feel sure that it is not necessary for a shipment to be delayed in this manner, providing the Railroad Company gives a little of their attention."

The foregoing letters were followed, on December 12, 1917, by a further letter from the Auto-Tire Vulcanizing Company to the defendant, which read as follows: "On June 8th we made a shipment consisting of 4 boxes and 2 crates to order of The Fisk Rubber Company, notify International Rubber Sales Co., Knoxville, Tenn. Now this shipment has not as yet arrived in Knoxville, Tenn. altho we have asked you to trace same at several different times. Our customer will not accept this shipment unless it is delivered at once and it will be necessary for us to enter claim with the railroad company covering same. Will you kindly make a special effort and have this shipment wired traced at once."

Other material facts agreed upon are described in the opinion. At the request of both parties, the judge reported the action to this court for determination.

*G. A. Bacon & S. W. Weltman,* for the plaintiff, submitted a brief.

*A. W. Blackman,* for the defendant.

DE COURCY, J. The plaintiff, holder of an order bill of lading, seeks in this action to recover from the initial carrier the value of certain machinery shipped from Lowell, Massachusetts, and consigned to the order of the plaintiff, "Notify International Rubber Sales Co., At Knoxville, State of Tenn." The bill of

lading was negotiable, and with draft attached was sent to the City National Bank of Knoxville. The goods arrived at the destination, Knoxville, on the lines of the Southern Railway Company; and the International Rubber Sales Company was notified of said arrival on June 22, 1917. On June 25 the Southern Railway Company delivered the goods without requiring the surrender of the bill of lading. The draft was not paid; and as the bill of lading was not called for, it later was returned by said bank to the shipper. The defendant did not notify the plaintiff until October 30, 1918, that delivery had been made; and until then the plaintiff had no knowledge of said delivery. The writ is dated June 27, 1919.

Section 3 of the bill of lading contains the following provision: "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims, must be made in writing to the originating or delivering carrier within six months after delivery of the property . . . or, in case of failure to make delivery, then within six months . . . after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The case comes before us on the report of a judge of the Superior Court, made at the request of both parties. The questions presented are whether notice of the claim was seasonably filed, and whether the action was brought within the time prescribed by the bill of lading.

1. The letters of July 23 and October 6, 1917, standing alone, do not satisfy the requirements of the bill of lading as to notice of claim. They are no more than mere tracers. The letter of December 12, 1917, is much more. It accurately describes the date, contents and destination of the shipment; specifies the name of the consignee and the customer; and sets forth the fact that the defendant, to whom the notice was sent, had been asked several times to trace the shipment. While the notice is not in terms a formal claim for damages, it states "Our customer will not accept this shipment unless it is delivered at once and it will

be necessary for us to enter claim with the railroad company covering same." Construing this in a practical way, and in the light of the existing facts as known to the parties, we are of opinion that the defendant was thereby notified in substance that it was charged with liability for the non-delivery of the goods. It is a federal question whether this notice of claim sufficiently complied with the requirement of the bill of lading. It seems to us that the case comes within the authority of *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190, where a telegram "We will make claim against railroad for entire contents of car at invoice price" was held to be in substance the making of a claim within the meaning of the stipulation.

There are State decisions to the same effect. In *Hyatt Roller Bearing Co.* v. *Pennsylvania Railroad,* 92 N. J. L. 94, where the consignor merely wrote a letter to the carrier reciting the facts and informing it that the goods had not been delivered, it was said: "The liberality of interpretation placed upon that term [viz. claim] by the Federal Supreme Court, and the courts of sister States, where the question has arisen, evinces that the fundamental reason for the requirement is to enable the carrier to trace the goods within a reasonable period after the delivery, or the failure to deliver, so as to protect itself from resulting loss, upon a subsequent claim for damage. Manifestly the delivery of a notice of the loss, from which no other inference is reasonably derivable than that the loss has occurred, and giving the substantial particulars as in the case *sub judice,* and which resulted in an investigation, by the carrier, is substantially a claim or a notice of a claim within the reasonable construction of the bill of lading." In *E. H. Emery & Co.* v. *Wabash Railroad,* 183 Iowa, 687, it was held that a notice that the consignee "will file a claim," though in the future tense, sufficiently complied with this requirement. See also 14 Ann. Cas. 416 note. 1 A. L. R. 900 note.

2. The misdelivery was made on June 25, 1917. This action was brought June 27, 1919. Even assuming that the above quoted provision in the bill of lading, limiting the institution of actions to two years and one day, is reasonable and valid (see *Decker & Sons* v. *Director General,* 55 I. C. C. Rep. 453, *United States* v. *Alaska Steamship Co.* 253 U. S. 113, *Leigh Ellis & Co.* v.

*Payne,* 274 Fed. Rep. 443), yet it does not bar the plaintiff's right to recover. Here there was a "failure to make delivery" in accordance with the terms of the bill of lading; and the plaintiff was not informed thereof until October 30, 1918, or more than sixteen months after it occurred. At no time was a written declination of the claim made by the defendant. On the facts shown, it seems to us that the plaintiff's action was seasonably begun.

After the commencement of this action, the eleventh paragraph of § 20 of the interstate commerce act was further amended by § 438 of the transportation act, making it unlawful to provide a shorter period for the institution of suits than two years, and further providing that such period is "to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

3. At the time of the misdelivery, the carrier had not assumed the position of warehouseman, and its responsibility was that of carrier. See *Newcomb* v. *Boston & Lowell Railroad,* 115 Mass. 230; *South Deerfield Onion Storage Co.* v. *New York, New Haven & Hartford Railroad,* 222 Mass. 535.

4. In view of the conclusion reached, it is unnecessary to decide whether the misdelivery constituted a conversion, and relieved the plaintiff from complying with the above stipulations in the bill of lading. See *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190, 197; *Pere Marquette Railway* v. *J. H. French & Co.* 254 U. S. 538, 546.

Judgment is to be entered for the plaintiff in the sum of $186.05, with interest from the date of the writ; and it is

*So ordered.*