No. 2943 Northern Essex, ss.

COOK et al (William B. Welch)
v. RAILWAY EXPRESS AGENCY, INC.
(Austin M. Pinkham)

From the First District Court of Essex—Murphy, J.

Argued June 23, 1941—Opinion filed Oct. 22, 1941

SULLIVAN, J. (Jones, P. J., & Pettingell, J.)—Action for breach of contract of shipment of goods.

The facts upon which the issues arise are few and not involved. The plaintiffs shipped goods at Provincetown, Nov. 28, 1939, addressed to defendant's express office at Beverly. There was given to the defendant at that time the information that the addressee would not be at the Beverly address when the goods arrived "for several days" but "that the goods could be delivered to her after she arrived in Beverly." The goods arrived at Beverly, Nov. 29, 1939, and were taken to the designated house for delivery. As there was no one there to receive them, they were taken back to the Beverly express office of the defendant where they remained until Dec. 12, 1939, when the addressee telephoned that she was at home. They were delivered to her that day and were found to be in a damaged condition.

Beginning Jan. 22, 1940, there followed a correspondence regarding these goods which is represented by one letter to the defendant, written by the plaintiff's attorney and two letters written by the local agent of the defendant. The only paper signed by the plaintiff was an instrument preceding this correspondance and dated Dec. 14, 1940, which, however, is headed "Joint Inspection Report" and bears the printed words "This inspection report does not constitute a claim." Other than this report and the attorney's letter dated Jan. 22, 1940, nothing signed by the plaintiffs, or either of them, or by anyone authorized by them, ever reached the defendant. It is to be noted that Exhibit B., appearing in the report, bears no signature; the report states that it was received by the plaintiff from the defendant, but does not state that it was ever returned to the defendant. We have no way of knowing who offered it at trial.

The first issue raised is the denial of defendant's third requested ruling which reads that "There is no evidence that the plaintiff made any claim in writing, and there being no proof that the condition precedent has been complied with, the Court must find for the defendant."

Literally speaking, the ruling requested is incorrect. What the defendant meant was that the evidence of notice is insuf-

[ 147 ]

ficient to warrant a finding for the plaintiffs. It was not a case of no evidence but one of the interpretation and value of what evidence there was.

No question of time enters into this question of the sufficiency of the evidence; the only question is whether any of these things mentioned constituted a claim. In *Fisk Rubber Co.* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 40, at 44, the court discusses the nature of such a claim.

A careful reading of the case cited, is convincing that a presentation of such a "claim" under the uniform bills of lading act does not require formal action differing in kind from the notice called for following a breach of warranty under the sales act, G. L. (Ter. Ed.) c. 106, s. 38. Such a notice may be informal, and may be given by an attorney. *Guthrie* v. *J. J. Newberry Co.*, 297 Mass. 245. "An express claim of damages is not necessary if it is reasonably inferable from the notice that the buyer is asserting a violation of his legal rights." *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, at 370. The notice may be supplemented by a previous oral conversation, not sufficient in itself to constitute a notice but containing detailed information as to what happened, of which the defendant had knowledge, and the two together constituting a good notice. *Guthrie* v. *J. J. Newberry Co.* 297 Mass. supra.

Applying these principles to the case at bar, we have first a Joint Inspection Report, which details the damage. According to the defendant's contention this was not a sufficient claim. There follows, still within the time prescribed by the contract, a letter written by the plaintiff's attorney stating that the plaintiffs had "placed a claim" in his hands. In common understanding this was a statement that he was their attorney at law appointed by them to enforce their rights. From such a statement it was "reasonably inferable" that the addressee was asserting a violation of her legal rights. "Construing this in a practical way, and in the light of the existing facts as known to the parties, we are of opinion that the defendant was thereby notified in substance that it was charged with liability" for the damage of the goods. *Fisk Rubber Co.* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 40, at 44.

The letter specified the date and place of shipment, the date and place of destination, and names the article damaged. Under the Massachusetts decision already cited, we are of opinion that the letter must be read in the light of the knowledge already possessed by the defendant as the result of the Joint Inspection Report, relating to these goods and already received by it.

In our opinion there was no error in the denial of the third requested ruling.

The defendant requested, also, two other rulings, as follows:

"7. If, after the arrival of the goods at destination, they were offered for delivery, and delivery was not then accepted,

the goods thereafter remained in the carrier's possession only as a warehouseman, and the defendant is not liable, in the absence of proof that the goods were damaged by the defendant's negligence.

"8. If the goods were in the defendant's possession part of the time as a carrier, and part of the time as warehouseman, the plaintiff has the burden of proving when the damage, if any, occurred, and in the absence of such proof, is not entitled to recover, unless the damage is proved to have been caused by the defendant's negligence.

These requested rulings illustrate a principle limiting the liability of a common carrier as represtnted by the ordinary rule.

A common carrier has two separate duties and responsibilities resulting in two separate and diverse liabilities. See *Thomas* v. *Boston & Providence Railroad Corp.* 10 Metc. 472; *Norway Plains Co.* v. *B. & M. R. R.* 1 Gray 263. As common carrier, when goods are in transit, the carrier is generally an insurer. Unless limited by special contract his liability is complete against every thing except acts of God, or of a public enemy, or the default of the owner. *Hastings* v. *Pepper,* 11 Pick. 41. *Gage* v. *Tirrell,* 9 Allen, 299.

As the holder or custodian of goods, after transit is completed, the carrier has, in place of the common carrier's liability, that of a warehouseman, to prove which it is necessary to allege and prove lack of due care. Liability exists only for negligence. *Carando* v. *Springfield Cold Storage Co.,* Mass. Adv. Sh. (1940) 1545 (25 BTL 291).

In the case at bar there was a distinct issue of fact. The defendant had endeavored to deliver the goods at the address to which they were consigned and had failed so to deliver them because the addressee was not there. The goods were taken back to the express office where they remained until the addressee returned. During those days they were not in transit. The liability of the defendant was not then that of a common carrier but that of a warehouseman. It was not necessary to prove negligence to charge a common carrier; it is necessary to show negligence to charge a warehouseman. *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, at 192, 193. *Rice & Lockwood Lumber Co.* v. *Boston & Maine R. R.,* Mass. Adv. Sh. (1941) 111 (26 BTL 143).

At the time of the shipment the shipper explained that the addressee was not at home and would not be, thus disclosing that the goods could not be delivered immediately upon arrival, making it necessary that they should be held over by the carrier until the addressee claimed them. This information did not affect the defendant's delivery. The delay was not to further the transit of the goods nor at the defendant's request, or for its convenience. The shipper paid nothing extra for this accommodation for the addressee's benefit. It referred to

a delay to be incurred after the completion of the carriage and while the defendant's liability was that of a warehouseman. The shipper could not change the defendant's liability or increase it by giving such information.

The trial judge disposed of these requested rulings without comment. It is apparent that he did not consider them applicable. Each of them, however, represents a principle correct in law and applicable to the facts of the case as shown by the evidence. It cannot be assumed that they were denied as in fact inapplicable. *Booney* v. *Porter-Wilton Ice Co.* 275 Mass. 254.. *Franks* v. *Franks,* 294 Mass. 262. It was his duty to pass properly upon requested rulings pertinent to the evidence. His failure to deal correctly with the rulings requested was, we think, prejudicial error. The finding for the plaintiff is to be vacated and the case is to stand for a new trial.