Barnet Lewis, Trading as Barnet's 5 and 10 Cent Stores, Appellee, v. Claude A. Roth, Trustee of Property of Chicago and Northwestern Railway Company, Appellant.

Gen. No. 43,194.

Opinion filed April 24, 1946. Released for publication May 10, 1946.

NELSON TROTTMAN and JAMES B. O'SHAUGHNESSY, both of Chicago, for appellant; NELSON J. WILCOX, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an action in contract against defendant, a common carrier in interstate commerce, for damages to certain store fixtures while in transit. After a trial before the court without a jury, a judgment was entered against the defendant in the sum of $45. Defendant's motions in arrest of judgment and for a new trial were overruled. Defendant appeals.

Plaintiff owns and operates a 5 and 10 cent store in Chicago. He purchased certain store fixtures at Beatrice, Nebraska. After delivery of the fixtures to

the plaintiff at Chicago and payment to the defendant of the amount of freight due on the shipment, plaintiff learned that the fixtures were damaged while in transit. Shortly thereafter, on or about July 24, 1942, he went to the freight house of defendant and reported the damage. On the same day one Paine, a claim adjuster of the defendant railroad, came to see plaintiff relative to his claim for damages. Since the fixtures were still in crates at that time, Paine told plaintiff an examination of them could not be made until they were uncrated. About one month later, Paine came again and examined the fixtures, but in the meantime most of them had been repaired by a carpenter engaged by plaintiff. On this occasion Paine gave plaintiff a business card (Plf's Ex. 1) which read as follows: "A. S. Paine, claim adjuster and inspector, room 1214, No. 400 West Madison St., Dearborn 2121, local 358, Chicago," and bearing on the reverse side the following written in pencil: "S60526."

On the trial, plaintiff testified that Paine said "he would see that payment was made." Paine, called as a witness in behalf of the defendant, testified as follows: "I talked to Mr. Lewis at that time and told him that if he would file a claim it would be taken care of in the usual course of business. I gave him my card and on the back of it wrote (Abst. p. 8) an S number. That is the only number used by our department in identifying claims as they are made. I did not tell him that he would receive his $45 within a few days after I talked to him." Defendant does not question that the fixtures were damaged to the extent of $45.

The pertinent portion of the bill of lading covering the shipment in issue (Deft's Ex. 1) reads as follows (Abst. 11) section 2(b): "As a condition precedent to recovery, claims must be filed in writing with receiving or delivering carrier, or a carrier issuing this bill of lading, or carrier on whose line the loss, dam-

age, injury or delay occurred, within nine months after delivery of the property." Plaintiff admits that he did not file a claim in writing within nine months after the date the fixtures were delivered to him, and he does not allege in his complaint that he filed such a claim.

Although plaintiff has not filed a brief in this court, it appears from the abstract of record, pages 8, 9 and 10, that at the hearing before the trial court plaintiff urged that defendant's claim agent, Paine, by his conduct misled plaintiff into believing that a settlement would be made without any further action on plaintiff's part, thus waiving the stipulation in the bill of lading requiring the filing of a written claim and estopping it from denying liability.

Defendant contends that the filing of a written notice within nine months after the date of delivery is a condition precedent which cannot be waived nor can defendant be estopped from asserting it as a defense. ▆ By giving oral notice plaintiff was not relieved from filing his written claim within the period specified in the bill of lading. (*Baltimore & O. R. Co. v. Leach,* 249 U. S. 217; *Southern Pac. Co. v. Stewart,* 248 U. S. 446, 450; *St. Louis, I. M. & S. R. Co. v. Starbird,* 243 U. S. 592.) The law is well settled that the defendant railroad cannot waive any requirement of the bill of lading. The governing rule is quoted in *Texas & P. R. Co. v. Leatherwood,* 250 U. S. 478, 481. There Mr. Justice BRANDEIS held that,

"the parties to a bill of lading cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them. 'A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed.' "

To the same effect see *Phillips Co. v. Grand Trunk Western R. Co.,* 236 U. S. 662; *Georgia, F. & A. R. Co. v. Blish Milling Co.,* 241 U. S. 190; *Erie R. Co. v.*

*Stone,* 244 U. S. 332; *Appalachian Electric Power Co. v. Virginian Ry. Co.* (W. Va.), 29 S. E. (2d) 471. In *Cohen v. Texas & New Orleans R. Co.,* 303 Ill. App. 606, this court said, at page 612:

"The United States Supreme Court has consistently construed both sections of the act in a manner to preclude any possibility of an interstate carrier favoring one patron as against another. The carrier cannot by any device or subterfuge, or under any pretense, no matter how plausible, take any step which might eventually lead to favoring one shipper or passenger as against another. The act is aimed not only at violations of tariff provisions, but is applicable to any service to be performed by the carrier as well as to any benefit accruing to the carrier by virtue of the shipping contract. To permit a railroad company to plead the statute of limitations as against some and to waive it as against others, would be to prefer some and discriminate against others. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges, but also to giving of preferences by means of consent judgments, or the waiver of defenses open to the carrier."

Application of the rule announced in the foregoing cases to the facts in the present case bars plaintiff from recovery.

We, therefore, are of the opinion that the trial court erred in overruling defendant's motion in arrest of judgment.

██ For the reasons stated, the judgment is reversed.

*Judgment reversed.*

KILEY, P. J., and BURKE, J., concur.