Tomasello, J.
In an action of contract against the defendant a common carrier for the alleged failure to deliver empty lobster barrels shipped from New York and consigned to the plaintiff at Boston, in which the defendant in its answer alleged that the plaintiff had not complied with the terms and conditions of the express receipt, it was agreed that the only question before the court was whether a letter under date of November 15, 1943 was a notice of claim within the terms and conditions of said Uniform Express Receipt.
According to the evidence presented at the trial the defendant received from J. Scheres Co. at New York a number of shipments of empty barrels consigned to the plaintiff company at Boston, Massachusetts, during June, July and August 1943. For each of said shipments the defendant issued to the shipper a Uniform Express Receipt, stating the number of barrels received and provid *? ing among the terms and conditions of each of said receipts that: “As a condition precedent to recovery claims must he made in writing to the originating or delivering carrier within nine months after delivery of the property, or in case of failure to make delivery, then within nine months and fifteen days after date of shipment; and suits shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier had disallowed the claim of any part or parts thereof.”
On November 15, 1943 the plaintiff forwarded to the defendant the f allowing letter in issue:
“November 15, 1943
Railway Express Company North Station Boston, Mass.
Gentlemen:
We have been informed by J. Scheres Co. of 36 Dover Street, New York that several shipments of empty barrels were made to us within the past few months.
We have no record that these have been received at our plant, and we, therefore, wish you would furnish us with this information. With inexperienced help, it is possible that same were received however, no record made.
[Twenty-three Shipments Listed]
On the following shipments, it appears that only part of barrels were delivered:
[Nine Partial Shipments Listed]
We sincerely regret that such inconvenience should be caused you, however, this manner is the only way we have of verifying deliveries.
Your cooperation is appreciated.
Yours very truly,
THE ATLANTIC LOBSTER HOUSE, INC. per"
In the foregoing letter the dates of the shipments, the number of the barrels said to have been shipped, and the *51 number of the Uniform Express Receipt issued for each shipment were given.
There was further evidence at the trial that within not more than three months after November 15, 1943 a representative of the defendant called with delivery records signed by employees of the plaintiff showing deliveries of a number of the shipments listed in the letter of November 15, 1943, and said representative made inquiry and investigation covering the shipments enumerated in said letter. After the present suit was commenced some further delivery records were produced by the defendant and shown to the plaintiff, but the defendant was unable to produce delivery records of all the barrels in the shipments. The missing barrels were not received by the plaintiff.
At the close of the evidence the defendant presented to the trial judge three requests for rulings which are before us for consideration. The first:
“1. All the shipments on account of which this action is brought were shipments in interstate commerce, and the rights of the parties are governed by the defendant’s rules and regulations contained in the official express classifications duly filed with the Interstate Commerce Commission, and by the terms and conditions of the Uniform Express Receipt issued for each of the shipments”, the trial judge granted.
As to the following:
“2. As a condition precedent to the plaintiff’s right to maintain its action on each of the alleged shipments, the plaintiff was required to give notice of claim in writing within nine months and fifteen days after the date of each shipment. The plaintiff’s letter to the defendant dated November 15, 1943 was not a claim in writing, but was no more than a request for information for the purpose of verifying deliveries.
“4. The plaintiff having failed within nine months and fifteen days after the date of each shipment to make claim in writing is not entitled to recover for loss of any of such shipments”.
*52 The trial judge denied request numbered 4 and as to request numbered 2 said, “Allowed in part. I find that the plaintiff’s letter of November 15, 1943 constituted a claim in writing within the terms and conditions of the Uniform Express Receipt and that such claim was made within nine months and fifteen days after the date of each shipment.”
The court found for the plaintiff.
It is clear that the parties could not waive the terms of the contract under which the shipment was made relative to the making of claims; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to. a different responsibility from that fixed by the agreement. A different view would antagonize the plain policy of the governing federal act and open the door to the very abuses at which the act is aimed. Georgia etc. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 197.
The object of making claim was to give reasonable notice and to apprise the carrier of the character of the claim. Georgia etc. Ry. Co. v. Blish Milling Co. supra, 198.
As regards the sufficiency of notice of the claim for loss of, or injuries to the goods shipped, it is very generally held that no particular form of notice is necessary and that a substantial compliance with the stipulation providing for notice is all that is required, Georgia etc. Ry. Co. v. Blish Milling Co., supra, however, at least a substantial compliance is necessary and a mere inquiry requesting that the property shipped be traced is not sufficient. Fisk Rubber Co. v. N. Y., N. H. & H. RR., 240 Mass. 40, Atlantic Coast Line R. Co. v. Bryan, 109 Va. 523, 10 C. J. 336, 337, sec. 489. In the case of Fisk Rubber Co. v. N. Y., N. H. & H. RR., 240 Mass. 40, 42, 43 the alleged notice by letter reciting, “Will you please wire trace our shipment of June 8th *53 to Order of the Fisk ¡Rubber Company of N. T. Notify International Rubber Sales Co., Knoxville, Tenn. 4 boxes, 2 crates, weight 700 lbs. Will you kindly make a special effort to locate this shipment as our customer will refuse to accept same unless it is delivered within the next week. We feel sure that it is not necessary for a shipment to be delayed in this manner, providing the Railroad Company gives a little of their attention” standing alone was held not to satisfy the requirement as to notice of claim and was no more than a mere tracer.
The plaintiff relies upon the case of Hyatt Roller Bearing Co. v. Penn. R. R., 92 N. J. L. 94 where the consignor merely wrote a letter to the carrier reciting the facts and informing it that the goods had not been delivered, in which the court stated: # Manifestly, the delivery of a notice of loss, from which no other inference is reasonably derivable than that the loss has occurred and giving the substantial particulars . . . and which resulted in an investigation by the carrier is substantially a claim or a notice of claim within the reasonable construction of the bill of lading.”
The words used in the letter of the instant case “with inexperienced help, it is possible that same were received, however no record made”, leaves the logical conclusion that the loss may or may not have occurred and according to the language of Hyatt Roller Bearing Co. v. Penn R. R., supra, would not be one in which “no other inference could be derivable than that the loss has occurred.”
It is our view that the letter of November 15, 1943 did not constitute a notice of claim as required by the Uniform Express Receipt, but was merely a request to trace the barrels in question, and that the trial judge erred in ruling otherwise. Finding for plaintiff vacated. Judgment for the defendant.

*54