(No. 31203.

HYMAN J. BERG, doing business as BERG TRUCK AND PARTS COMPANY, Appellant, *vs.* SAMUEL SCHREIBER *et al.,* doing business as SCHREIBER TRUCKING Co., Appellees.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

DIRECTOR & LIEBENSON, of Chicago, (HAROLD A. LIE-BENSON, of counsel,) for appellant.

DEMPSEY, MILLS & CASEY, of Chicago, (JOHN W. MILLS, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Hyman J. Berg, doing business as Berg Truck and Parts Company, brought suit against Samuel Schreiber and Harry Schreiber, doing business as Schreiber Trucking Co., for damages to certain merchandise while in transit in interstate commerce from Butler, Pennsylvania, to Chicago, Illinois. Plaintiff obtained a judgment for $3216.83 in the superior court of Cook County, which was reversed by the Appellate Court. We have allowed an appeal to this court.

The facts show that plaintiff purchased a shipment of jeep parts in Butler, Pennsylvania, to be delivered in Chicago via defendant's truck lines. The defendants were common carriers, and had an approved tariff schedule of rates on file, and also a uniform bill of lading approved by the Interstate Commerce Commission, and thereby became bound by such schedule and provisions of the bill of lading. The parts were delivered in a damaged condition. There was no written claim or demand presented to the defendants prior to the commencement of the suit.

It appears before the suit was brought, after the defendants were notified of the damaged condition of the shipment, an insurance adjuster for the defendants made a list of the damaged parts, with the assistance of one of plaintiff's men, and such list was given to the plaintiff by the adjuster. It also appears, without dispute, that the defendants' adjuster requested the plaintiff to file a written proof

of loss on forms provided for that purpose, and that such adjuster refused to make any commitment as to payment until such written proof had been received. No written claim was made, and it was argued that the list of damaged parts furnished by the defendants' adjuster to the plaintiff, and a copy of which was given back to the plaintiff, complied with the provisions of the law.

The exact form of this list is necessary to properly determine whether the plaintiff had complied with the Interstate Commerce Commission regulations. Abbreviated, it is in the following form:

"SUMMARY OF SHIPMENT VIA SCHRIEBER TRUCKING CO.
AUGUST 17, 1945

| INVOICED | ITEMS | DELIVERED GOOD CONDITION. | REJECTED | ACCOUNTED FOR |
|---|---|---|---|---|
| 180 | Air Cleaner Fillers | 139 | 86 (22) | 225 |
| 26 | Fly Wheels | 27 | | 27" |

There are dozens of other parts mentioned as rejected in the same manner, which is said to constitute a claim in writing in compliance with the Interstate Commerce Commission Act, and the conditions set out upon the uniform bill of lading required under it.

In the instant case the defendants did not issue a bill of lading for the shipment of the merchandise in question, but the liability of a common carrier does not depend upon a bill of lading, or the notice, but is imposed by the statute, and the receipt or bill of lading is merely the evidence of the contract, and its issuance is not necessary to create the liability. (*Gamble-Robinson Co.* v. *Union Pacific Railroad Co.* 262 Ill. 400.) The provisions of the Interstate Commerce Act (U.S.C.A., title 49, sec. 20(11), authorizes a carrier to require a claim in writing within nine months, and the institution of suit within two years, and upon a failure to comply with this limitation the carrier does not

become liable for failure to make delivery; and the uniform bill of lading adopted and on file with the Interstate Commerce Commission (sec. 2(B)) provides as follows: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property * * * or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the plaintiff that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

We believe that the case of *Georgia, Florida & Alabama Railway Co.* v. *Blish Milling Co.* 241 U.S. 190, 60 L. ed. 948, is controlling. In commenting upon the provisions of the Interstate Commerce Act, and upon the uniform bill of lading authorized and approved thereunder, the court, among other things, said: "The parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed." In that case the United States Supreme Court was referring to the Interstate Commerce Act and the uniform bill of lading, which became binding upon the parties when filed, and of which the plaintiff was bound to take notice. *Boston and Maine Railroad* v. *Hooker*, 233 U.S. 97.

Under the Interstate Commerce Act and defendants' bill of lading it was incumbent upon the plaintiff to make a claim in writing, and to do so within the time fixed by law. The plaintiff made no claim whatsoever in writing, but simply gave a list to the defendants' insurance adjuster, and even though the claimant had prepared and filed a document similar to that prepared by the adjuster it would not be sufficient in order to comply with the provisions of the Interstate Commerce Act. The document said to constitute a claim gives only the number of items in figures, and those delivered in good condition, and those rejected. There is no price or value of the articles; no statement of whether it is a total or a partial loss; no dates other than the date of shipment, and nothing which would comply with the ordinary requirements of a claim for loss of goods or damages to the same.

From the facts in this case we can readily understand why a claim became desirable, because the purchase was of jeep parts, and of machinery to be used in connection with the jeeps, which were sold at a price greatly under the manufacturers' price, and apparently came from army stores. The Interstate Commerce Act requires a claim in writing to be made, and in the absence of such a claim being made within nine months, the plaintiff is barred from bringing and maintaining his action. *St. Louis, Iron Mountain & Southern Railway Co.* v. *Starbird, Admr.* 243 U.S. 592, 61 L. ed. 917; *Southern Pacific Company* v. *Stewart,* 248 U.S. 446, 63 L. ed. 350.

The only authority cited by appellant is the *Blish Milling Co. case,* 241 U.S. 190, but there the facts were quite different. In that case the claim consisted of a series of telegrams, among which was one which contained a direct demand against the railway company for the entire contents of a car at invoice price, and a refusal to accept the same. Concerning the character of the demand in the *Blish case,* the court said: "The stipulation required that the

claim should be made in writing, but a telegram which in itself or taken with other telegrams contained an adequate statement must be deemed to satisfy this requirement."

In the instant case the plaintiff really did nothing except at the request of the defendants' insurance adjuster furnished certain items orally, which were transcribed by the adjuster in the form indicated above, and, in fact, refused to furnish any claim at the request and demand of the adjuster. Since the regulation is clear, and was not complied with, and the only authority relied upon is the *Blish case,* which, with respect to the facts in the present case, does not aid plaintiff, we are required to conclude that the judgment of the Appellate Court was correct, and it is accordingly affirmed.

*Judgment affirmed.*