DAWLEN CORPORATION *v.* NEW YORK CENTRAL
RAILROAD COMPANY.

1. CARRIERS—BILL OF LADING—CLAIM FOR LOSS—SUBSTANTIAL COMPLIANCE.

Substantial compliance with provision of bill of lading as to presentation of claim for loss is necessary to render claim effective and a letter may suffice.

2. SAME—BILL OF LADING—CLAIM FOR LOSS—NOTICE—DEMAND FOR DAMAGES.

A claim for loss under a bill of lading is more than a notice of loss and must include a demand for payment.

3. SAME—BILL OF LADING—CLAIM FOR LOSS—TRACING SHIPMENT.

A mere request to trace a shipment of freight, made about a month after the shipment had been made, was not sufficient to constitute a claim for loss of the shipment.

4. SAME—BILL OF LADING—CLAIM FOR LOSS—DELAY.

Formal written claim for loss of shipment of freight, made over 17 months after shipment, came too late to satisfy 9-months' provision for filing claim for loss contained in bill of lading, hence, recovery for loss was properly denied as a matter of law.

Appeal from Jackson; Boardman (Harry D.), J. Submitted June 8, 1950. (Docket No. 51, Calendar No. 44,797.) Decided September 11, 1950.

Action by Dawlen Corporation against New York Central Railroad Company for value of goods

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 9 Am Jur, Carriers, § 801 *et seq.*
[1–4] Carriers: Sufficiency of compliance with stipulation requiring notice of claim for damages to shipment. 1 ALR 900; 175 ALR 1162.

shipped to, but not received by, plaintiff.  Directed verdict and judgment for defendant.  Plaintiff appeals.  Affirmed.

*Phillip C. Kelly,* for plaintiff.

*McKone, Badgley, McInally & Kendall* and *George H. Wyatt (John J. Danhof,* of counsel), for defendant.

Bushnell, J.  Plaintiff Dawlen Corporation, located in Jackson, Michigan, purchased a box of automatic screw-machine parts from the war assets administration at River Rouge in 1946.  The box was delivered to the freight dock of defendant New York Central Railroad Company in Detroit about November 11, 1946, for shipment to Jackson.  Dawlen received a copy of the bill of lading for the box about the middle of November, but the box was never received.  The bill of lading provided that as a condition precedent to recovery a written claim must be filed with the carrier within 9 months after a reasonable time for delivery elapsed.

Plaintiff called the Jackson freight office of defendant about a week after receiving the bill of lading and was told there was no record of the shipment.  Plaintiff then wrote defendant's Detroit office on December 13, 1946, for help in locating the shipment.  No reply was received and plaintiff, on telephoning, could obtain no information.  Other efforts at tracing failed, and plaintiff finally filed a formal written claim on April 29, 1948.  Defendant denied liability on the ground that the claim was not made within the time limited in the bill of lading.

At the trial the secretary-treasurer of plaintiff testified that he had general supervision over shipping and receiving merchandise, and had 5 to 6 years experience in such business activities.  He stated

that a reasonable time for delivery from Detroit to Jackson would be not more than 2 or 3 weeks. At the conclusion of the proofs defendant's motion for a directed verdict was granted.

Plaintiff asserts on appeal that its letter of December 13, 1946, was a sufficient claim and that the question of reasonable time should have been submitted to the jury.

Substantial compliance with the claim requirement is necessary, and a letter may suffice. *Snyder* v. *King*, 199 Mich 345 (1 ALR 893). Yet a claim within the provision of the bill of lading is more than a notice of loss; it must include a demand for payment of damages. *Douglas Shoe Co.* v. *Pere Marquette Railway Co.*, 241 Mich 297. The letter of December 13, 1946, was only a request to trace the shipment and was not sufficient to constitute a claim.

Furthermore, the directed verdict was proper. The only testimony concerning a reasonable time for delivery was that of plaintiff's secretary-treasurer setting it early in December, 1946. As a matter of law, the claim filed 17 months later was not within the period required under the contract.

The judgment entered on the directed verdict is affirmed. Costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.