Frank Louda, Appellee, v. Prague Assurance-National Corporation, and The Baltimore and Ohio Railroad Company, Defendants.

The Baltimore and Ohio Railroad Company, Appellant.

Gen. No. 45,541.

Opinion filed June 9, 1952.
Released for publication June 30, 1952.

ERICH W. LADEMANN, and MAURICE A. GARVEY, both of Chicago, for appellant.

JOHN F. BREZINA, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Frank Louda filed a two count complaint in the superior court of Cook county against Prague Assurance-National Corporation, a corporation organized under the laws of Czechoslovakia, and The Baltimore & Ohio Railroad Company. Count I alleged a cause of action against the Assurance Corporation on a policy providing against loss or damage to a shipment of household goods. The second count stated a cause of action against the railroad company for damages claimed to have resulted from the alleged failure to safely and securely carry the shipment from New York City to Chicago. The Assurance Corporation was not

served with a summons. The railroad company, denying receipt of the shipment and other material allegations of the complaint, averred as a special defense failure on the part of plaintiff to file with it written notice of claim within nine months after date of delivery of the goods, or within nine months after a reasonable time for delivery had elapsed pursuant to sec. 2 (b) of the bill of lading, such notice being a condition precedent to plaintiff's recovery. On a trial without a jury the court entered judgment against the railroad company for $2,600. In this appeal it asks that the judgment be reversed.

Plaintiff now resides in California. He came to the United States from Prague, Czechoslovakia in 1946. In April of that year at Prague he called in the Intercontinental Shipping Company, an international shipper, which supervised the packing of his household goods for shipment to Chicago. During April 1946, a truck picked up the chattels at Prague and delivered them to a railroad for delivery to the ship at Rotterdam, Holland. The shipment, consisting of eight cases, one bale and one crate aggregating 4,200 pounds, was placed aboard the steamer Henry R. Brown at Rotterdam and arrived in New York harbor on June 28, 1946. Records of the United States Customs House in New York indicate damage to the cases and contents when received there. The goods were transported by truck to defendant's railroad in New York, where on July 17, 1946, it issued its bill of lading to Vandergrift & Co., Inc., as consignor for shipment to ''(Collector of Customs, Chicago, Illinois,) Frantisek Louda, c/o Mrs. Mary Vig, 714 E. 90th Street.'' Plaintiff came to Chicago for the first time in May 1946. He then left Chicago on a trip around the United States. In July or August 1946, he returned to Chicago. Pursuant to notice, in August 1946, plaintiff visited the United States Customs House in Chicago and partially exam-

ined the goods. These chattels were later carted to his home at 2810 South Homan Avenue, Chicago, where he made a more thorough examination and found that the unlined tops of the cases were broken; that water was located on top of some and inside others; and that porcelain and glassware were broken and linens and bed clothes wet and mildewed. Some of the broken and damaged articles consisted of dishes, hand-painted pictures, porcelain, glassware, clothing and such. Mr. R. B. Walker, a marine surveyor and representative of Lloyds Insurance Company, was called in, checked the goods and estimated the damage to various articles. He testified that the only time he examined the damaged goods was in the garage at 2810 South Homan Avenue. Louis Jirasek, a friend of plaintiff, was present and assisted in the examination of the goods both at the Customs House and at 2810 South Homan Avenue.

The first criticism leveled at the judgment is that the court erred in failing to give effect to provision 2 (b) of the bill of lading requiring, as a condition precedent to recovery, written notice within nine months. The relevant provision of the bill of lading was adopted pursuant to an act of Congress (sec. 20, paragraph 11, Title 49, U. S. Annotated Statutes). The pertinent portions of section 2 (b) of the bill of lading are as follows:

"As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing the bill of lading, or carrier on whose lines the loss, damage, injury or delay occurred, within nine months after delivery of the property . . . . Where claims are not filed . . . in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

Plaintiff maintains that he is not precluded from recovery because of the nine-month time limit for filing notice of claim as notice, both oral and written and confirmed by letters, was given within nine months after discovery of the loss, and that the evidence, including the exhibits, shows timely and actual notice of and investigation of the claim by the defendant. Plaintiff says that the actual notice of and investigation of the claim by the defendant makes technical formal notice "useless," and that such actual notice and investigation fulfill the purpose of the notice requirement of the bill of lading.

██ On October 17, 1946, plaintiff's attorneys sent a letter to defendant in Chicago, "Attention Mr. Harrington, Re: Claim of Frantisek Louda," which reads:

"On or about the 12th day of September 1946, our client, Frantisek Louda, had occasion to inspect a shipment of his personal effects and other belongings in the Office of the Customs, Chicago, Illinois, wherein your Mr. Harrington was present. We have been requested by Intercontinental Transport Association, Prague, Czeckoslovakia, to obtain the inspection papers from the railroad company handling the shipment. In this case it is the Baltimore & Ohio Railroad. May we expect this certificate of inspection at an early date?"

On July 6, 1948, one of the attorneys for plaintiff sent a letter to defendant enclosing a bill of lading "as requested" and asking that it be sent back after defendant was "through with it." The second letter was transmitted more than nine months after the delivery of the goods. The relevant language of the bill of lading is clear and free from ambiguity. It provides for a claim in writing to be filed within nine months after delivery of the property and states that where

215

claims are not filed the carrier shall not be liable and such claims will not be paid. We are of the opinion that the letter of October 17, 1946, did not constitute a claim in writing for damage to plaintiff's goods. Although the letter is entitled "Re: Claim of Frantisek Louda," there is no indication therein that a claim is being made against the defendant. The letter relates a request of the Intercontinental Transport Association of Prague, Czechoslovakia, to obtain the inspection papers from the railroad handling the shipment and requests the certificate at an early date. It will be observed that the letter refers to a claimed inspection of the goods in the Customs Office "wherein your Mr. Harrington was present." Three witnesses for the plaintiff testified to examining the goods in the garage at 2810 South Homan Avenue. No witness stated that Mr. Harrington attended any examination of the goods at the Customs House. Plaintiff asserts that defendant was given notice promptly after arrival and inspection of the goods, and that in addition to writing the letter of October 17, 1946, plaintiff's attorney, about two weeks thereafter, talked with a representative of defendant about the damaged goods and told him that the defendant would be held liable for the damage. Plaintiff also states that subsequently there were personal conferences between his attorney and employees of defendant. The record does not sustain plaintiff's contention as to these conversations.

The authorities hold that mere knowledge on the part of the carrier's agent of damage to the shipment does not of itself dispense with the obligation of complying with the stipulation of the bill of lading requiring written notice of claim as a condition precedent to recovery. *Berg v. Schreiber,* 405 Ill. 528 (certiorari denied by U. S. Supreme Court, 340 U. S. 851); *Delphi Frosted Foods Co. v. Illinois Central R. Co.,* 188 F. (2d) 343, affirming 89 F. Supp. 55; *Manby v.*

*Union Pacific R. Co.,* 10 F. (2d) 327; and *Lewis v. Roth,* 328 Ill. App. 571. Plaintiff asserts that the evidence and exhibits show timely actual notice of and investigation of the claim by defendant and cites *Hopper Paper Company v. Baltimore & O. Ry. Company,* 178 F. (2d) 179; *Georgia, Florida & Alabama R. Co. v. Blish Milling Co.,* 241 U. S. 190; *The Henry S. Grove,* 292 Fed. 502; *Minot Beverage Co. v. Minneapolis & St. Louis R. Co.,* 65 F. Supp. 293; *Indiana Harbor Belt R. Co. v. Alpirn,* 139 Neb. 14, 296 N. W. 158; *Deaver-Jeter Co. v. Southern Ry. Co.,* 91 S. C. 503, 74 S. E. 1071. The *Hopper* case involved a claim for damages arising out of a shipment of paper destroyed in a railroad wreck between two of defendant's trains. The railroad advised both the consignor and the consignee that paper consigned to the United States Government had been destroyed. The opinion was based upon the peculiar facts of the case. The *Minot* case does not aid plaintiff. There within nine months plaintiff wrote the railroad company a letter advising that there was damage in connection with a shipment and that a claim would be filed as soon as complete information was obtained. The court held that the fact that the letter contained a future tense did not control. Both parties rely on the *Blish* case. There the Supreme Court held that a written notice of claim was in fact given and that the series of telegrams constituted a compliance with the provisions of sec. 2 (b) of the bill of lading. From a reading of the cases cited by plaintiff we conclude that they do not support his position.

We find that plaintiff should not recover because of noncompliance with the provisions of sec. 2 (b) of the bill of lading requiring, as a condition precedent to recovery, written notice of the claim within nine months. Therefore, the judgment of the superior court of Cook county is reversed and the

cause is remanded with directions to enter judgment for the defendant and against plaintiff.

*Judgment reversed and cause remanded with directions.*

FRIEND, J. and NIEMEYER, J., concur.