## United Refrigerator Co. v. Rodgers Motor Lines

*Nogi, O'Malley & Harris,* for plaintiff.

*James K. Peck,* for defendant.

EAGEN, J., February 10, 1956.—This is an action in assumpsit, which by agreement was tried before the writer without a jury. The facts were stipulated.

On August 6, 1953, plaintiff, United Refrigerator Company, delivered to defendant, Rodgers Motor Lines, a refrigerator for shipment under a uniform bill of lading from New York City to the Utica Food Plan in Utica, N. Y. Defendant delivered the goods to a connecting carrier, Coleman Transportation

Lines, Inc., which in due time delivered the same to the intended consignee on August 13, 1953, but failed to receive the surrender of the endorsed bill of lading. In other words, the consignee received delivery of the goods without payment of a bank draft accompanying the bill of lading order and plaintiff now seeks reimbursement for the value of the goods from defendant-carrier company rather than the party who ordered and received them.

Assuming that the original carrier made an unauthorized delivery of the goods through the connecting carrier and is legally responsible in damages as a result, the question arises, has a proper claim of loss been filed within the required time limit?

The bill of lading, the provisions of which were binding upon both parties, inter alia, required such a claim of loss to be filed in writing with the carrier within nine months of the date of shipment. This is a condition precedent to recovery of any alleged loss. Such a provision is legal and in accordance with Federal statutes and rules laid down by the Interstate Commerce Commission: 49 U. S. C. §20(11).

On March 4, 1954, and again on May 3, 1954, plaintiff-shipper wrote defendant-carrier a letter stating substantially that the shipment had not been delivered and asking its coöperation in tracing and locating it. This, of course, was not in keeping with the facts since the goods had actually been delivered in good order to the proper individual. No other claim ever having been filed within the required nine months period, did these communications amount to a written claim of loss as contemplated and required by the contract between the parties? We conclude not.

While the writing, to be considered an adequate notice of a claim for loss, need not be in formal language and need not contain a specific demand for damages (Fiske Rubber Co. of N. Y. v. N. Y. N. H. & H. RR.,

240 Mass. 40, 132 N. E. 714, and Delaware L. & W. R. Co. v. U. S. 123 F. Supp. 579), still, to be legally sufficient, it should and must possess the characteristics of a claim and should either amount to a demand for compensation or contain evidence of an intention to claim remuneration for the loss suffered: Bronstein v. Payne, 138 Md. 116, 113 Atl. 648; Hazzard v. Maine Central Railroad, 121 Me. 199, 116 Atl. 258, and Louda v. Prague Assurance-Nationan Corp., 347 Ill. App. 211, 106 N. E. 2d 757.

We find no such language in the letters of March 24th and May 3rd. In fact, as pointed out hereinbefore, these letters claimed delivery had not been made and the goods lost, which was not true. In these communications help was requested in tracing the whereabouts of the goods supposedly lost and nothing was said or hinted about an unauthorized delivery. Neither was it even hinted that a claim was being made of the carrier for reimbursement.

In addition, may we point out that the complaint filed in this case failed to plead compliance with the condition precedent to recovery discussed hereinbefore. This in itself may be considered fatal: Romeo v. D. & H. Railroad Corp., 56 Lack. Jur., 233.

Therefore, February 10, 1956, judgment is entered in favor of defendant.

### On Exceptions to Judgment Nisi

EAGEN, J., April 11, 1956.—This is an action in assumpsit tried before Eagen, J., without a jury by agreement of the parties. The facts were stipulated.

The trial judge entered judgment for defendant, and we have before us exceptions to this ruling. It is our unanimous conclusion that they are without merit and should be dismissed.

The trial judge held that plaintiff failed to file a claim for the alleged loss or notice of intention to do

so within the time limit required by the provisions of the contract entered into by the parties and also required by the governing Federal statute.

Plaintiff now contends recovery should be permitted despite its failure to file such claim. With this, we do not agree. In our opinion, this was a condition precedent to recovery and failure to do so was fatal to plaintiff's cause.

The authorities cited in plaintiff's brief are inapposite and do not rule the facts of this case.

Therefore, April 11, 1956, a final judgment is entered in favor of defendant.