STRICKLAND TRANSPORTATION COMPANY, Petitioner,

*v.*

FEDERATED DEPARTMENT STORES, INC., Respondent.

451 S.W.2d 677.

(*Jackson,* April Term, 1969.)

Opinion filed March 16, 1970.

LEE F. MILLER, JR., Memphis, of counsel, WRAPE & HERNLY, Memphis, for petitioner.

CHARLES O. McPHERSON, Memphis, of counsel, BURCH, PORTER & JOHNSON, Memphis, for respondent.

MR. SPECIAL JUSTICE C. HOWARD BOZEMAN delivered the opinion of the Court.

On August 3, 1965, Federated through one of its divisions, Goldsmith's shipped merchandise valued at $863.75 to McGregor-Doniger Company in Dover, New Jersey by Strickland Transportation, an interstate carrier by

motor vehicle. On November 26, 1965, Federated shipped merchandise valued at $1,320.00 by Strickland to Petti-Glen Manufacturing Company, Milwaukee, Wisconsin. Neither of the shipments reached its consignee, and upon Strickland's refusal to pay for the goods, Federated brought this suit. In count 1 of its declaration Federated sued for negligent failure to deliver as agreed; in count 2, it invoked T.C.A. sec. 24-515, which makes failure of a bailee to return or redeliver property according to contract prima facie evidence of negligence; in count 3 it invoked sec. 20, para 11; and sec. 319, Title 49 U.S.C. Section 20(11) is referred to as the Carmack Amendment and contains provisions concerning the liability of an initial and delivering carrier; limitation of liability; and notice of filing claims. Section 319 of this title makes sec. 20(11) applicable to carriers by motor vehicles.

Strickland defended on the ground Federated had not made demand of payment for the goods within nine months after a reasonable time for delivery as provided by the straight bill of lading covering the interstate shipments. Specifically it was contended that claim was not made on the first shipment until sixteen months after date of shipment, and not until fourteen months after date of shipment on the second.

At the nonjury trial it was stipulated that Strickland had received the two shipments of goods for interstate carriage on uniform straight bills of lading and that the shipments had not been delivered. It was further stipulated that thirty days was a reasonable time for delivery of the two shipments.

Counsel for Federated stated the sole issue as follows: "Goldsmith's made a claim against Strickland for the

value of the merchandise in these two shipments. This claim was denied on the basis that Goldsmith's had not filed a claim within the nine month period that is contained in the contract bill of lading. That, Your Honor, is the sole issue in this cause, and it is the only issue, as to whether or not Goldsmith's did file a claim within the meaning of that term as interpreted by the cases and the Federal Statutes, that is, whether or not the claim was made within the nine-month period. We concede that no formal claim was filed on a claim form that is furnished by the defendant, Strickland Transportation Company, but it is our contention that, from the correspondence between the parties, which consisted of letters requesting Strickland Transportation Company to locate the shipment, copies of invoices covering the value of the merchandise and items of merchandise and bill of lading, that this sufficiently constituted a claim under the law to justify Strickland Transportation Company to pay Goldsmith's for the value of the merchandise''.

The trial judge, upon conclusion of plaintiff's proof-in-chief, dismissed the suit on the grounds that ''the exhibits and oral testimony introduced by the plaintiff required a finding that under the provisions of the bill of lading no claim was filed by the plaintiff within the nine-month period.'' Federated appealed, and the Court of Appeals reversed, rendering a judgment in favor of Federated. The case is now before this Court on granting of Strickland's petition for certiorari.

At the trial, in addition to the correspondence referred to in Federated counsel's statement of the issue[1] Federated introduced two witnesses, Sam Marks, Comptroller at Goldsmith's, and Dorothy Mize, employed in the Ac-

---

[1] See Page 133.

"12-7-65

Strickland Transportation Co. Inc.,
143 South Parkway W.,
Memphis, Tenn.
Gentlemen: Re: McGregor Doniger
            Atten. Jack Hoenig,
            69 King St.,
            Dover, New Jersey.
            B/L #3611, 8/3/65
Attached is copy of Bill of Lading covering above shipment.
We ask that you kindly trace this shipment and advise us date of
delivery, also name of the person who signed for it.
Thank you for your cooperation in this matter.
                Very truly yours,
                M. Burke, GOLDSMITH'S

"March 9, 1966

Strickland Transportation Co. In.
143 South Parkway West
Memphis, Tenn.
          Re: McGregor-Doniger
             Att: Jack Hoenig
             69 King St.,
             Dover, N. J.
             B/L No. 3611—8/3/65
Gentlemen:
Attached is copy of Bill of Lading covering above shipment.
Please refer to our letter of 12/7/65 from M. Burke in which we have
requested that you file tracer on this shipment. To date we have heard
nothing from you regarding the shipment, so we again request that
you file tracer on this shipment.
Yours very truly,
GOLDSMITH'S
(Mrs.) Martha Mize
Accts. Payable Dept."

--------------------------------------------------------------------

"August 10, 1966

Strickland Transportation Co. Inc.,
143 South Parkway West,
Memphis, Tenn.
          Re: Petti (Glenn Mfg. Co.)
             320 East Buffalo
             Milwaukee, Wisconsin.
Gentlemen:
Attached is a copy of our bill of lading covering merchandise returned
to Petti (Glenn Mfg. Co.), 320 East Buffalo, Milwaukee, Wisconsin.
Please file tracer on this merchandise and advise us as to delivery date
and name of person who signed for same.
Yours very truly,
GOLDSMITH'S
(Mrs.) Martha Mize
Accounts Payable."

--------------------------------------------------------------------

counts Payable Division. Mr. Marks testified that his duties included the returning of merchandise for credit; that he recalled the shipments in question; that he did write Strickland asking it to waive the nine months claim provision of the bill of lading after the claim period had expired. That prior to this time he was not familiar with the provisions of the bill of lading requiring notice and demand.

Mrs. Mize attended to some of the correspondence with respect to the two shipments and talked to Strickland's tracing department in Memphis to secure help in tracing the goods. On cross-examination she testified as follows:

"Q. Do these letters, the three letters, I believe, in all, do they constitute the entire body of correspondence with Strickland?

A. Yes, sir.

Q. And you have nothing else in your file with respect to these two purported losses of shipments?

A. I don't know.

Q. You don't know?

A. I don't know of anything else.

Q. Mrs. Mize, both of these collective exhibits can be referred to as tracers, can they not?

A. Yes, sir.

Q. Mrs. Mize, is there any place in the documents which states language to indicate that you are going to make a claim against Strickland Transportation Company?

A. No, sir.''

The bills of lading attached to the exhibited correspondence are uniform straight bills of lading and each contains this stipulation:

"Sec. 2 (b). As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery then within nine months after a reasonable time for delivery has elapsed; and suit shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

■ In view of the statement of the issue to be tried by Federated's counsel, we are not concerned with the question whether a stipulation such as the one copied above is a valid condition precedent to recovery, the stipulation of the issue concedes this. However, Federated's counsel conceded nothing against Federated's interest as the validity of stipulations for written demand have been held by this Court to be valid conditions precedent to recovery. *Railway Express Agency v. General Shoe Corp.*, 197 Tenn. 561, 276 S.W.2d 725 (1955).

■ The best statement we have been able to find as to what will constitute a claim in writing within the pro-

vision of an interstate bill of lading is that in *Insurance Co. of North America v. Newtowne Mfg. Co.*, 1 Cir., 1951, 187 F.2d 675. There, it is said that a "claim in writing" within the provision of a bill of lading requiring that claim to be filed in writing with the receiving or delivering carrier as a condition precedent to recovery for loss of goods, must be a written document, however informal in expression, indicating an intention on the shipper's part to claim reimbursement from the carrier for a loss asserted to have occurred in the past, and sufficiently identifying the shipment in question either on the face of the document or by reference to previous correspondence between the parties. The document need not be in any particular form to constitute a "claim in writing", since the condition is addressed to practical exigency and so must be construed in a practical way. However, the writing must indicate an intention on the shipper's part to claim reimbursement from the carrier for the past loss.

This statement has been adopted in Am.Jur.2d, Carriers, sec. 585 and has been the basis of decision in numerous cases. See *Louda v. Prague Assurance-National Corp.*, 347 Ill.App. 211, 106 N.E.2d 757 (1952); *Central Wholesale Co. v. Chesapeake & O. R. Co.*, 366 Mich. 138, 114 N.W.2d 221 (1962); *Public Service Electric & Gas Co. v. Reading Co.*, 17 N.J.Super. 148, 85 A.2d 548, aff'd 9 N.J. 607, 89 A.2d 242 (1952). See also cases cited in the following paragraph.

■ It is immediately apparent that Federated's correspondence with Strickland did not, under this rule, amount to a "claim in writing". It was, as Federated's witness, Mrs. Mize, testified, simply a request for the shipment to be traced. This character of request has been held not to amount to a claim. *R. P. Hazzard Co. v. Maine*

*Cent. R. Co.*, 121 Me. 199, 116 A. 258 (1922); *Bronstein v. Payne,* 138 Md. 116, 113 A. 648 (1921); *Fisk Rubber Co. of New York v. New York, N. H. & H. R. R.*, 240 Mass. 40, 132 N.E. 714 (1921); *Dawlen Corporation v. New York Cent. R. Co.*, 328 Mich. 360, 43 N.W.2d 887 (1950); *Browning King & Co. v. Davis,* 120 Misc. 520, 199 N.Y.S. 775, aff'd, 208 App.Div. 780, 203 N.Y.S. 922 (1923); *Atlantic Coast Line R. Co. v. Bryan,* 109 Va. 523, 65 S.E. 30 (1909); *Corbamex, S.A. v. Republic Carloading & Distributing Co.*, Tex.Civ.App., 378 S.W.2d 938 (1964).

In this connection, while it is not of controlling effect, it is worth noting that neither of the employees who looked after this matter for Federated had any intention that the correspondence be accepted or treated by Strickland as a notice of claim. This is made evident by the testimony of the witness Marks that he was unaware that there was any provision for claim in the bill of lading; and the testimony of the witness Mize that the correspondence was for the purpose of having the shipments traced and not for the purpose of making a claim.

As for Federated's contention that it can recover because of T.C.A. sec. 24-515,[2] it is sufficient to point out that this statute was not intended to apply to the delivery of goods by an interstate carrier. The statute nowhere undertakes to deal with the subject, being concerned only with the return or redelivery of goods. And we point out that even if the statute had attempted to

---

[2] "24-515. *Negligence of bailee.*—In all actions by a bailor against a bailee for loss or damage to personal property, proof by the bailor that the property was delivered to the bailee in good condition, and that it was returned or redelivered according to the contract, or that it was returned or redelivered in a damaged condition, shall constitute prima facie evidence that the bailee was negligent, provided the loss or damage was not due to the inherent nature of the property bailed."

provide a basis of liability contrary to the federal law, regulations and tariffs, under the opinion of the Supreme Court of the United States in *Georgia, Florida & Alabama R. Co. v. Blish Milling Co.*, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948, such an attempt would fail.

The stipulation for written demand not having been complied with, the judgment of the Court of Appeals is set aside, the judgment of the trial court is affirmed, and the suit is dismissed at the cost of Federated Department Stores, Inc.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.